534 A.2d 518

**CENTURY NATIONAL BANK AND TRUST CO., Formerly The National Bank of Beaver County**

**v.**

**Daniel L. GILLIN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1987.

Filed Dec. 3, 1987.

444

Harvey W. Daniels, Monaca, for appellant.

William H. McNees, Jr., Beaver Falls, for appellee.

Before CIRILLO, President Judge, and JOHNSON and MONTGOMERY, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Court of Common Pleas of Beaver County denying appellant Daniel Gillin's petition to set aside a sheriff's sale of commercial property which he owned. We affirm.

Appellee (bank) filed a complaint in mortgage foreclosure against appellant (Gillin) and another individual (Fath) previously owning an interest in the subject property. Appellant did not respond to the bank's complaint. The bank then sent a notice of intention to take a default judgment to Gillin in care of Rose Johnson with whom the bank had reason to believe Gillin was living. A default judgment was then entered against both guarantors of the note and a sheriff's sale was scheduled. Notice was again sent to Gillin at Rose Johnson's address. At the sale, Fath's bid was accepted. Appellant filed a petition to set aside the sale eight days later alleging lack of notice of the sale and improper service. These arguments are advanced on appeal.

The bank timely filed an answer and new matter to the petition and, twenty-one days later when no further responsive pleading was forthcoming from Gillin, proceeded pursuant to Pa.R.C.P. 209(b) to file a praecipe to rule Gillin to proceed. The rule was returnable on October 22, 1986. Appellant filed an answer to the bank's new matter on October 23, 1986. On November 20 the bank filed a praecipe to list the matter for argument on petition and answer, again citing Pa.R.C.P. 209(b), and requesting that all averments of fact responsive to the petition and properly pleaded in the answer and new matter be deemed admitted. Following argument, the order of the court was entered denying appellant's petition. As a basis for deeming admitted under Rule 209 the facts in the bank's response to the petition, including the averments contained in its new matter, the court's opinion recites the fact that petitioner's answer to new matter was filed one day after the rule returnable date. Key among these facts which the court deemed admitted were that petitioner had received notice both of the bank's intention to take a default judgment and of the scheduled sheriff's sale.

Appellant asks that we set aside the sale of his property because service of the notice of sheriff's sale was not proper under Pa.R.C.P. 3129. Appellant argues that Rose Johnson, who signed the receipt for mail service, was neither an adult member of appellant's household nor appellant's authorized agent for service and that, therefore, appellant did not receive notice of the sale consistent with the policy reasons expressed in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), in light of which the notice provisions of Pa.R. C.P. 3129 were amended in March 1986. Appellee asserts that the fact of notice and proper service, as established by the court's deeming such averments admitted pursuant to Pa.R.C.P. 209(b), estops the appellant from raising these issues.

This appeal presents a mixed question of law (deemed admissions pursuant to Pa.R.C.P. 209, 42 Pa.C.S.A.) and

fact (denial of petition). This court, in reviewing the action of the trial court, must give appropriate deference to its determination, but is duty bound to modify erroneous applications of the law. 16 Standard Pennsylvania Practice 2d §§ 91:47, 91:48. Therefore, while the arguments advanced by appellant deal strictly with the merits of the trial court's determination, the application of the law, specifically Pa.R.C.P. 209, is necessarily implicated as the matter was brought to hearing and the merits determined, at least in part, in accordance with Rule 209. Appeal was taken from denial of a petition to set aside a judicial sale, putting the validity of the order at issue on appeal. The docket is of record and may be properly considered by this court in determining whether the procedure followed, which culminated in the order to deny the requested relief, was proper, regardless of the merits of the case.

We find no abuse of discretion in the trial court's determination of the merits. However, while it is certainly within the sound discretion of the trial court to decide the issues of notice and propriety of service, those issues must have been properly before the court for decision. In this case we find the action of the trial court to have been premature. This procedural error was not prejudicial to the interests of appellant and was, therefore, harmless.

■ The procedure relied upon by appellee in putting the issue before the court, and by the court in deciding the merits of appellant's petition, is set forth in Pa.R.C.P. 209 which reads:

### Rule 209. Duty of Petitioner to Proceed After Answer Filed

If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respon-

dent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

In the instant case the bank filed its answer and new matter in response to appellant's petition on September 11, 1986. Twenty-one days later, having had no response from the appellant, the bank sought and was granted as of course a rule to show cause why the moving party should not proceed,[1] which rule was returnable October 22, 1986. Appellant took no action by that date and did not respond to the rule thereby waiving the hearing required by Pa.R.C.P. 209(b). At this point the rule should have been either discharged or made absolute, presumably at the behest of the bank, in accordance with local practice. The issuance of a rule to show cause why a party should not take certain action does not compel the party to take such action until the rule is made absolute. 56 Am.Jur.2d § 34; 3 Standard Pennsylvania Practice 2d § 15:39. A rule must be caused to be made absolute; it is not self-executing. Had it been made absolute, appellant would have had fifteen days to proceed with the taking of depositions or to list the matter for argument on petition and answer. Failure of appellant to do so would have entitled appellee to the relief later requested of and granted by the trial court pursuant to Pa.R.C.P. 209(b), namely to deem admitted all properly pleaded averments of fact responsive to the petition. *Triffin v. Thomas*, 316 Pa.Super. 273, 462 A.2d 1346 (1983).

The trial court deemed the appellee's facts admitted because appellant's answer to the bank's new matter was not

---

1. This rule was termed "Rule to Proceed" by the bank and this phrasing may be, in part, responsible for the subsequent error in procedure under Pa.R.C.P. 209. We note in passing that this misconception appears to be shared by at least one procedural rules service. 1 Goodrich–Amram 2d § 209.3.

filed until one day after the rule returnable date.[2]  This was error in that the rule to show cause obtainable of course under Pa.R.C.P. 209 does not contemplate the filing of responsive pleadings, only the taking of depositions or listing for argument.  In fact, such a rule is not available until fifteen days after the close of the pleadings.  Just as "petition and answer" as used in Rule 209 refers to the pleadings [3] used to raise the issues for determination by the court,[4] "answer" denotes all pleadings responsive to the petition.  It is an impermissible and hypertechnical interpretation of "answer" in Rule 209 to permit the taking of a rule to show cause prior to the close of the pleadings.  Further, such an interpretation in a case where new matter is appended to the answer triggers the mechanisms of Rule 209 prematurely.  Pleadings are concerned with *identifying* disputed facts; Rule 209 is designed to come into play thereafter to prevent delay in a determination of the merits by placing on the moving party a duty to submit the case for argument on the pleadings or to take depositions as to such facts as are disputed.

These errors in proceeding to put the matter before the trial court led to the erroneous admission of the facts of the bank's response to the petition.  Acceptance of these facts effectively foreclosed appellant's contentions regarding notice and service, despite oral argument on the merits, and we believe the court's consideration of these admitted facts to have been dispositive of the petition.

■  However, we find the errors in this case harmless for the following reasons: First, the misimpression of the correct procedure under Rule 209 seems to have been shared by both parties.  Second, irregularity in the bank's procedure is not specifically raised on appeal.  Third, because of

2.  Appellant states that this pleading was mailed to the prothonotary on October 22, 1986.  While mailing is permitted, Rule 205.1 clearly provides that such a document is not "filed" until received.  The docket reflects receipt and filing on October 23, 1986.

3.  Pursuant to Pa.R.C.P. 1017, "pleadings" includes new matter and an answer thereto.

4.  *See* 1 Goodrich Amram 2d § 209:2, n. 96.

the timing of the bank's various filings, appellant had as much time at each stage of the process as Rule 209 allows. Specifically, if both parties presumed the rule returnable date marked the end of the period during which appellant could respond (a view erroneously endorsed by the court), appellant had more than the requisite fifteen days to take the action called for in Rule 209. He took no action and, therefore, the listing for argument by the bank did not in any way prejudice appellant's case. Fourth, despite the fact that petitioner's answer to the bank's new matter was not timely filed (42 days after the filing of the answer and new matter) the 20-day time limit for the filing of responsive pleadings, Pa.R.C.P. 1026(a), is not mandatory and a late filing may be permitted at the trial court's discretion where the opposing party will not be prejudiced and justice so requires. Pa.R.C.P. 126; *Urban v. Urban*, 332 Pa.Super. 373, 481 A.2d 662 (1984). The record reflects the filing of appellant's answer to new matter. The bank did not move pursuant to Rule 1017(b)(2) to have the pleading stricken. The trial court did not specifically disallow the filing, and, in fact, permitted argument on the issues raised therein. It appears from the court's opinion that consideration was given to all issues raised in all of the pleadings.

The order of the Court of Common Pleas of Beaver County is affirmed.