SMITH, J.,
The issue before the court is whether defendants must plead in their new matter the material facts on which an affirmative defense is based. We find in the affirmative. There are no recorded appellate decisions addressing this issue and the common pleas’ decisions, both recorded and unrecorded, are divided in their holdings.
In response to the complaint, defendants Lipson and Susquehanna Urologic Associates, Ltd., filed an answer with new matter. The new matter sets forth the affirmative defense of contributoiy negligence in general terms that are totally unsupported by factual allegations. Plaintiffs filed preliminary objections to this portion of the new matter in the nature of a demurrer and a motion to strike.
In support of their preliminary objections, plaintiffs argue (a) the applicability of Connor v. Allegheny General Hospital, 501 Pa. 306, 461 A.2d 600 (1983); (b) Pa.R.C.P. 1019(a), which requires that the material facts on which a defense is based be stated in a concise and summary form; and (c) fairness under the circumstances. The defendants retort with the assertions (a) of fairness under the circumstances; (b) that Pa.R.C.P. 1030 requires that contributory negligence be raised as an affirmative defense and that this rule does not require factual averments; and (c) the non-applicability of Connor, supra.
In Connor, supra, our Supreme Court held that a general allegation of negligence in the complaint allowed plaintiffs, even after the passing of the statute of limitations, to amend the complaint to specify additional acts of negligence which were not specifically pled in the original complaint. In the trenchant footnote 3, the court explained:
*392 “If appellee did not know how it ‘otherwise failfed] to use due care and caution under the circumstances,’ it could have filed a preliminary objection in the nature of a request for a more specific pleading or it could have moved to strike that portion of appellants’ complaint.” Connor v. Allegheny General Hospital, 501 Pa. 306, 311 n.3, 461 A.2d 600, 602 n.3 (1983).
Connor has been used by the Pennsylvania courts, including this one, to preclude general allegations in complaints. Plaintiffs now ask us to apply the Connor holding to defendants’ factually void allegation of an affirmative defense in the new matter. Defendants assert that Connor is distinguishable because Connor deals with a general averment of fact that must be answered and the instant case involves an averment of an affirmative defense which is a conclusion of law that does not require an answer under Pa.R.C.P. 1029(a)(d). Defendants further argue that the holding in Connor was necessary because the statute of limitations had run and we do not have such an issue in the case sub judice. A careful reading of Connor will reveal that while in that factual situation the statute of limitations had run on the claim in the proposed amendment, this fact was not a basis of the decision. The issue of the statute of limitations was raised by the plaintiffs in Connor in arguing that there was prejudice that should preclude the amendment. Under the holding in Connor, the amendment of the complaint would have been allowed if the statute had-not run.
As to defendants’ first contention, it is true that an averment of a conclusion of law does not require an answer, Pa.R.C.P. 1029(a)(d), and that an averment of fact does. Prior to Connor it was assumed that a general averment of negligence in a complaint would *393 not support a later specific claim of negligence that was not initially factually supported, and defendants were routinely denying the general averment of fact and relying on the discovery process. Connor made this an extremely dangerous and unacceptable practice. Defendants now have two choices: first, they may file a preliminary objection as suggested by the Supreme Court in footnote 3, Connor, supra, and have the general averment stricken or, second, they can embark upon a course of thorough and extended discovery that will hopefully assure them that there are no unpled facts that would support a new claim under a general averment of negligence or other cause of action. One does not have to be an experienced practitioner to determine which of the choices is easier and most likely to guarantee the desired result of eliminating surprise at the time of or on the eve of trial. Connor guarantees the first choice to defendants. Plaintiffs should have the same choice in dealing with factually unsupported allegations of defendants contained in new matter to minimize the chance that they will have to defend a surprise claim at trial. To hold otherwise would put the onus on plaintiffs to conduct extensive discovery to disprove a factually unsupported allegation rather than requiring the defendants who asserted the allegation to marshal the facts to support it. We find that this burden should be on the party asserting the allegation.
Pa.R.C.P. 1030, that requires all affirmative defenses to be pled in the new matter, is not in conflict with rule 1019(a), that requires the pleading of material facts on which a defense is based. Material facts are those facts essential to support the claim raised in the matter. Baker v. Rangos, 229 Pa. Super. 333, 325 A.2d 498 (1974). While it is true that *394 Rule 1030 does not require factual averments, it does not relieve the pleading party from complying with Rule 1019(a). Rule 1019(a) specifically and clearly provides:
“The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.” (emphasis supplied)
Affirmative defenses are not excluded from this mandate. Rule 1030 must be read in pari materia with Rule 1019(a). In support of this finding, consider Pa.R.C.P. 1031. Rule 1031 allows the defendant to set forth any cause of action in assumpsit Or trespass in a counterclaim. This rule does not require factual averments, yet any court would consider as specious an argument that Rule 1019(a) does not mandate the pleading of material facts in a counterclaim. Goodrich-Amram 2d §1030:2 (1976) provides:
“The new matter, like the complaint, must be stated in separately numbered paragraphs, and the averments must be as detailed and specific as the averments in a complaint.”
Defendants also argue that since the affirmative defense is a conclusion of law to which no responsive pleading is required, Pa.R.C.P. 1029(a)(d), the same specificity required in a complaint or counterclaim is not required when affirmative defenses are raised in new matter. This assertion ignores the requirements of Pa.R.C.P. 1019(a) and would result in unpalatable unfairness under the Connor rule, both of which are discussed above.
Both parties have argued fairness under the circumstances. Defendants contend, first, that they must file a responsive pleading within 20 days; that an affirmative defense is waived if not pled, Pa.R.C.P. 1032; and that to require specificity in pleading affirmative defenses within such a brief period places an undue burden on the defendants. *395 As a second argument, they assert that discovery rules are (a) self-executing, (b) would eliminate delay, (c) involve less judicial intervention, and (d) give plaintiffs a sufficient vehicle with which to ascertain the details of defendants’ affirmative defenses.
As we have seen above, while discovery may ascertain the facts behind defendants’ affirmative defenses, it is unfair to require this as plaintiffs’ only option when the holding in Connor gives defendants the choice of having the general allegations stricken or utilizing discovery. As far as defendants’ second fairness contention, we are at a loss to understand how a preliminary objection that results in an affirmative defense being stricken and perhaps specifically repled would result in more delay and less judicial intervention than discovery which would result in a motion for a summary judgment or a motion for a judgment on the pleadings. This argument simply has no merit. Defendants’ strongest argument on fairness is the fact that they must file a responsive pleading within 20 days. Fairness is achieved by giving defendants a reasonable time to amend their general allegations in the new matter with specificity.
Plaintiffs also argue fairness and presciently claim that in any jurisdiction where defendants do not have to plead supporting facts to their affirmative defenses, any self-respecting defense counsel would routinely place in every new matter every affirmative defense, including the 24 that are listed in Pa.R.C.P. 1030. While this assertion may be exaggerated, there is no doubt that boilerplate affirmative defenses could become commonplace and this would greatly increase the plaintiffs’ burden in discovery and the possibility of plaintiffs having to defend a surprise claim at the time of trial.
*396 ORDER
And now, November 29, 1990, plaintiffs’ preliminary objection in the nature of a motion to strike is granted and it is ordered and directed that paragraphs 43 and 44 of defendants’ new matter are stricken. Defendants are granted leave to amend the allegations with specificity. Any such amendment shall be made within 60 days from the date of this order or 30 days before the pretrial conference, whichever shall first occur, unless the above period is shortened or extended by order of court for good cause shown. Plaintiffs’ preliminary objection in the nature of a demurrer is moot and is, therefore, denied.