728 A.2d 952

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Lee BAKER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Aug. 11, 1998.

Decided May 4, 1999.

Robert Brett Dunham, Philadelphia, for L. Baker.

Catherine Marshall, Philadelphia, Robert A. Graci, Harrisburg, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

ZAPPALA, Justice.

This is a direct appeal[1] of the order of the Court of Common Pleas of Philadelphia County dismissing Appellant's request for relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9542 *et seq.*, (PCRA). Appellant requests that this Court find the lower court erred in dismissing his request for relief. Because we cannot agree with Appellant, we affirm the order dismissing his PCRA petition.

On October 4, 1984 a jury found Appellant and his co-defendants guilty of committing murder during a robbery. After a sentencing hearing, the jury sentenced Appellant to death.[2] A direct appeal was initiated by trial counsel, but when Appellant submitted a *pro se* petition alleging ineffective assistance of counsel, new counsel was appointed and the ineffective assistance issues were remanded to the common

1. All appeals in cases involving the death penalty are reviewable only by this Court. See 42 Pa.C.S. § 9546(d).

2. For a thorough discussion regarding the underlying facts of the case as well as our review of the sufficiency of the evidence, see *Commonwealth v. Baker*, 531 Pa. 541, 614 A.2d 663 (1992).

pleas court for an evidentiary hearing "in the form of a proceeding under the Post Conviction Hearing Act, 42 Pa.C.S. § 9541...." 531 Pa. 541, 614 A.2d 663, 666 (1992). Following a hearing, Judge Sabo denied relief based on the merits of the ineffective assistance of counsel claims and this Court affirmed the conviction and sentence on direct appeal.

Subsequently, Appellant filed a PCRA petition *pro se* which was dismissed by Judge Papalini. Counsel was appointed to represent Appellant for the purpose of appeal to this Court. We affirmed the dismissal, *per curiam.* In our *per curiam* order, we stated that the issue raised by Appellant had been previously litigated on direct appeal and was, therefore, not eligible for relief under 42 Pa.C.S. §§ 9543(3) and 9544(a)(2). See *Commonwealth v. Baker,* 540 Pa. 131, 656 A.2d 116 (1995).

In January of 1996, Appellant petitioned the United States District Court for the Eastern District of Pennsylvania to have counsel appointed to prepare and file a federal habeas corpus petition. Counsel was appointed for that purpose. In January of 1997, Appellant filed a PCRA petition in the court of common pleas. Appellant then apparently moved to have the PCRA petition dismissed because the federal *habeas corpus* proceedings were pending. On March 31, 1997, Judge Sabo granted this motion to dismiss. On April 9, 1997, Appellant filed a motion for rehearing of the recently dismissed PCRA petition based solely on "newly discovered evidence." Appellant's Brief at 4. This newly discovered evidence consisted of an alleged *Batson* [3] violation. Judge Sabo denied this motion on May 7, 1997. Concurrently, Appellant filed another motion for rehearing or reconsideration. Judge Sabo denied this motion on August 28, 1997. In December of 1997, the federal *habeas corpus* petition was dismissed. That court found that Appellant was procedurally barred from any federal relief until all possible state remedies were exhausted.

Appellant now raises an appeal from the March 31, 1997 order granting dismissal and the May 7, 1997 order denying a

3. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)(racially discriminatory use of peremptory challenges during jury selection held unconstitutional).

430

rehearing of that dismissal. In his opinion dated May 7, 1997, Judge Sabo stated that, "[t]he Petition was initially dismissed at the request of defense counsel as being premature due to on-going litigation in federal court." Slip Opinion at 1.

The rules of criminal procedure allow a party to "withdraw a petition for post-conviction collateral relief at any time." Pa.R.Crim.P. 1505. We cannot, therefore, rule that it was error to grant Appellant's request for a dismissal. Nor can we rule that it was error to deny Appellant a rehearing on his own request.

Appellant's brief also lists 23 other alleged errors. Due to Appellant's requested dismissal, none of these issues were litigated before the common pleas court and thus, no record has been developed for this Court to review. It is a general rule that, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. Therefore, we do not reach the merits of these issues.

For the reasons herein set forth, the order of the Court of Common Pleas of Philadelphia County is affirmed.