828 A.2d 981

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Kenneth J. WILLIAMS, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 7, 2003.

Decided July 21, 2003.

Michael Wiseman, Philadelphia, for Kenneth J. Williams, Appellant.

Bernard Martin, Amy Zapp, Harrisburg, for the Com. of PA, Appellee.

BEFORE: CAPPY, C.J., AND CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN AND LAMB, JJ.

## *OPINION*

JUSTICE LAMB.

In this appeal we are asked to decide if a capital defendant's *pro se* motion to withdraw his first timely Post Conviction Collateral Relief Act (PCRA)[1] petition[2] is controlling in a case in which: 1) the judge never ruled on the motion to withdraw;

1. 42 Pa.C.S. § 9541 *et seq.*

2. An order denying a petitioner post conviction relief in a case in which the death penalty has been imposed shall be directly reviewable by the Supreme Court of Pennsylvania. 42 Pa.C.S. § 9546(d); *Commonwealth v. Morales*, 549 Pa. 400, 701 A.2d 516, 519 (1997).

2) counsel was sought but not appointed before the motion to withdraw; 3) the court did not conduct a colloquy of the defendant regarding the withdrawal; 4) the court allowed amendment of the petition which was purportedly withdrawn; and, 5) the court held extensive hearings on the issues raised in the amended petition. For the reasons set forth below, we decide that the *pro se* motion to withdraw—without court action—is not controlling and remand the case to the post-conviction court to address the issues raised in Williams's petition and its amendments.

Williams's first PCRA petition was timely and his *pro se* motion to withdraw must be deemed without effect since no judge ever granted or denied the motion. Since the PCRA court has held extensive hearings on the merits of Williams's petition, we remand the case for a decision on the merits of the petition as amended.

Williams raises 16 issues in his appeal from the dismissal of his PCRA petition, only the first two of which we need address here: did the PCRA court err in finding Williams's petition untimely and is Williams entitled to a merits review of his claims. We answer both questions in the affirmative. The remaining 14 issues go to the merits of his petition and must first be addressed by the PCRA court. *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002).

The issue raised in this case will be of limited application because the Rules of Criminal Procedure now require—in addition to the appointment of post-conviction collateral counsel—a colloquy on waiver on the record. Pa.R.Crim.P. 904(G)(1) and 904(G)(1)(a). The Rules at the time of Williams's first petition made no special provisions in capital cases and required only that "[w]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first motion for a post-conviction collateral relief." Pa.R.Crim.P. 1504(a), re-numbered and amended as Pa.R.Crim.P. 904(a), effective April 1, 2001.

In this case, Williams filed a PCRA petition and request for appointed counsel. No counsel was appointed. Williams then filed a motion to withdraw his petition which was never acted on by the court. Indeed, the court later opined during lengthy hearings on the petition that Williams's PCRA petition was timely. Only in December of 2001 did the court decide that the 1996 petition was withdrawn and the 1997 petition was untimely as a second petition. In that holding, the court erred because no judge had acted on the motion to withdraw, the motion was without effect, and the subsequent petitions were properly treated as amendments to the first petition. The docket bears witness to this conclusion.

The docket in this case reveals that on October 3, 1985, Williams was found guilty of first degree murder, robbery, theft by unlawful taking and receiving stolen property. The next day the jury returned a verdict of death, based on a finding of a single aggravator, murder in the course of a felony, 42 Pa.C.S. § 9711(d)(6), and no mitigator.[3]

On February 27, 1987, Williams's motion for a new trial was heard by the Lehigh Court of Common Pleas *en banc*. On March 12, 1990, Williams's petition for a new trial was denied and he was sentenced to death on June 29, 1990.

On July 27, 1990, Williams filed a notice of appeal and this Court affirmed the judgment of sentence on August 9, 1994.

On December 20, 1995, Williams's *"Pro Se* Motion To Proceed *In Forma Pauperis* And For Appointment Of Post–Conviction Counsel" was docketed and a *pro se* PCRA petition was docketed on December 26, 1995. The motion is not time-stamped. The petition was timely under the PCRA as then constituted.[4] Williams also filed a petition for *habeas corpus* relief in the U.S. District Court for the Eastern District of

3. This Court's decision on direct appeal, *Commonwealth v. Kenneth Williams*, 537 Pa. 1, 640 A.2d 1251 (1994), details the facts in the case in which Williams was found guilty of killing a long-haul truck driver at a Lehigh County rest stop and stealing his wallet and credit cards.

4. There was no time limit to post-conviction petitions prior to the November 17, 1995, amendments to the PCRA.

618

Pennsylvania. An order for the transmission of the record to the eastern district is docketed on January 11, 1996.

The eastern district appointed counsel for the *habeas* petition. Lehigh County did not appoint counsel, despite the request in Williams's initial *pro se* petition.

On January 11, 1996, three days after counsel was appointed in the eastern district but before counsel met with Williams, Williams mailed a *pro se* "Motion to Discontinue PCRA Petition in State Court(s)." The motion was docketed on January 31, 1996.

A year later, on January 9, 1997, Williams filed a subsequent *pro se* petition for post-conviction collateral relief. On February 4, 1997, Williams filed a *pro se* petition to discontinue his PCRA petition "if said petition will affect the federal habeas filed in Eastern District Court." The February 4, 1997 petition also asked for the appointment of counsel and a hearing.

On March 20, 1997, an informal status conference was held in the Court of Common Pleas of Lehigh County. A week later, on March 27, 1997, the Lehigh County Court docketed the first counseled collateral filing on behalf of Williams, a "Motion for Stay of Proceedings and Leave to Amend." Apparently counsel appointed in federal court agreed to also represent Williams in his state court proceedings. No record of entry of appearance, court appointment, or payment to counsel is docketed.

On April 17, 1997, Judge Carol K. McGinley of the Lehigh County Court of Common Pleas entered an order which directed a stay of PCRA proceedings and gave Williams 45 days after the Commonwealth's reply in eastern district court to amend Williams's *pro se* PCRA petition.

On October 6, 1997, Judge McGinley entered an order for a status conference which was followed by an order staying the PCRA proceedings "to defer jurisdictional preference to the eastern district court" on October 20, 1997. On April 23, 1998, the PCRA was stayed again to defer jurisdictional preference, this time to the Third Circuit.

The PCRA court granted Williams's motion to vacate the stay on the PCRA proceeding on November 25, 1998, and ordered the Commonwealth to "file an answer to the petitioner's post conviction relief act petition by January 25, 1999." Williams's attorney filed a memorandum of law in response to the court's order that:

Counsel for the Petitioner shall file the following no later than March 22, 1999: 1) memorandum of law in respect of the claims by the Commonwealth that certain issues have been litigated; 2) a formal proffer of evidence with regard to matters not already recorded which are necessary to support the following memorandum; 3) identification of any matters which the Commonwealth claims were previously litigated and which the petitioner claims were the subject of ineffective assistance of counsel. It is further ordered that argument on the foregoing issues shall be scheduled by this court and hearing no later than April 22, 1999, and that following said hearing, further proceedings shall be scheduled in order to address the remaining issues left in the Petition of Kenneth Williams.

By the court: Carol K. McGinley.

On April 7, 1999, the PCRA court held a hearing limited to argument [5] on the question of which of Williams's claims were to be deemed previously-litigated. The court issued an order and opinion on December 30, 1999.[6]

---

5. Williams was unwell and did not attend.

6. At the argument on the question of what was previously-litigated PCRA counsel brought out and the PCRA court agreed that no hearing had been held on the issues involving ineffective assistance of trial counsel which were raised on direct appeal. Therefore, this Court did not have on direct appeal any evidence as to trial counsel's strategic reasons for failing to offer, for example, a criminalist, a pathologist to establish date of death, mitigation experts or other experts. Nor did this Court in 1994 have the affidavits as to what the omitted witnesses would have said as required by Pa.R.Crim.P. 902(A)(15) and *Commonwealth v. Holloway*, 524 Pa. 342, 572 A.2d 687 (1990). This Court denied Williams's claims on direct appeal that expert witnesses should have been called because "[Williams] has not satisfied the *Holloway* standards." *Williams*, 640 A.2d at 1265. Even though this Court found that there was no error because trial counsel had effectively cross-examined the Commonwealth's two experts, PCRA counsel now

The PCRA court's order was accompanied by an extensive opinion regarding the previously-litigated claims. In the "legal history" section of the opinion, Judge McGinley noted that "On January 9, 1997,[sic December 26, 1995] the Defendant filed a Pro Se Petition for Post Conviction Collateral Relief in the Court of Common Pleas. On January 30, 1997 [sic 1996] the Defender's Association of Philadelphia agreed to represent the Defendant. This case was assigned to this Court in March 1997 due to Judge Diefenderfer's having taken Senior Status." In its 1999 opinion the court attached no significance to Williams's attempt to withdraw his petition.

The PCRA court held extensive hearings on May 15, 16, and 17, and October 3 and 4, 2000 on the PCRA issues raised in Williams's amended petitions. Eighteen witnesses testified, generating more than 500 pages of transcript.

On June 29, 2000, the docket reflects an order made from the bench by the court on May 15, 2000, that the **"the amended petition** for habeas corpus relief, filed September 30, 1997, be filed by the clerk of courts criminal *nunc pro tunc* for September 30, 1997." (Emphasis added.)

The context in which that order was made was a statement by the PCRA court at the start of the PCRA hearings that there were "procedural issues with regard to this PCRA that I think need to be cleared up. The date of the first filing of the PCRA was filed on January 9th of [1996]." The discussion continued:

[Defense Counsel]: That sounds right, yes.

The Court: That was a pro se petition. It was followed on

argues that Williams received ineffective assistance of appeal counsel for failing to present affidavits of the witnesses trial counsel was ineffective for failing to call. Those affidavits and others have been presented to the PCRA court whose task it will be to decide on remand whether the proffered experts go beyond those which were presented on direct appeal recognizing that Williams may not clothe a previously litigated claim in a new theory in the hopes of having it addressed anew. *Commonwealth v. Morales,* 549 Pa. 400, 701 A.2d 516, 521 (1997) (post-conviction relief on claims previously litigated on appeal not available by alleging ineffective assistance of counsel).

February 4th of '97 [sic] by a pro se petition [7] to discontinue the PCRA. **I don't see any ruling on that petition.**

[Defense Counsel]: I don't think there was a ruling.

\* \* \*

The Court: It seems to me at some point there was an amended petition—

[Defense Counsel]: That's correct.

The Court:—petition for PCRA. And I don't believe that's ever been filed with the Clerk of Courts, although it was submitted to the Court.

[Defense Counsel]: I would not be aware of that personally. I would have thought we filed it.

The Court: I don't believe the docket reflects it. Could we get the filing date which that was—which you believe it was filed so we can make sure. I just don't want to proceed today without it. We can order it nunc pro tunc. It's not going to be a problem, but I just want to be sure that we have a proper filing date on it.

\* \* \*

The Court: Let me just make the record clear on it.

All right. We're going to enter the following Order. This Order is for docketing.

> Now, this 15th day of May, 2000, upon motion of counsel for the defendant, and there being no objection from the Commonwealth, it is ordered that the petition for the amended petition for habeas corpus relief filed September 30th, 1997, is hereby ordered to be filed by the Clerk of Courts criminal division nunc pro tunc for September 30th, 1997. By the Court.

[Commonwealth]: Your Honor, in addition the defendant initially did file a pro se PCRA [petition] on [December] 26th of 1995, filed a motion to discontinue that on January 11th of 1996. That is part of the docket. So if this is for the record purposes, this is—

---

7. The *pro se* document was styled as a motion.

The Court: I was just concerned because I noticed in my review of the case that this, the PCRA—

[Commonwealth]: Itself was not [docketed].

The Court: Which we are all operating on has not been [effectively] docketed. **It was timely presented.** It just wasn't docketed for whatever reason.

[Defense Counsel]: I apologize for that.

The Court: No problem. There's a lot to be aware of. So now it's taken care of.

[Defense Counsel]: Just to address [the Commonwealth's] last comment, the pro se petition that was filed by Mr. Williams back in December of '95, which he then filed a motion to withdraw, our review of the docket sheet indicates that motion was never acted on and stayed basically on the record without any court action. In the past [the Commonwealth] indicated in her view that constituted a first petition.

In our present proceedings or second petition, we obviously dispute that based on the fact that it was never acted upon by the Court. It was never a dismissal, and even if it had been dismissed, we'd argue that point[. I]t was dismissed without prejudice, and the petition before the Court was, as Your Honor has indicated, was timely filed.

The Court: All right. We then have—you're moving defense exhibit 1?

Notes of testimony, May 15, 2000, pages 6–10 (emphases added).

At the conclusion of all the hearings, counsel for Williams filed an amended petition on December 5, 2000. A year later the PCRA court filed an opinion on December 31, 2001, and gave a 20–day notice of intent to dismiss the PCRA petition. A hearing and argument on the notice was held April 24, 2002 and on August 30, 2002 the court ordered that "proceedings pursuant to petition for Post Conviction Collateral Relief filed February 14, 1997, are hereby stricken, and that the petition is dismissed as untimely." A timely notice of appeal of the dismissal of the PCRA was filed September 9, 2002.

We have recited the docket history of the case in painstaking detail to demonstrate with clarity that the PCRA court erred when it ruled in 2002 that a *pro se* motion for withdrawal filed in 1996 but not acted upon was controlling. At each step in the case, the lower court conducted itself as if there were an active PCRA petition before it over which it had jurisdiction.

In particular, the court acknowledged that the *pro se* motion to withdraw Williams's PCRA petition had not been acted upon and that the, theretofore, undocketed amended petition was timely.

In its opinion of December 31, 2001, the PCRA court without further elaboration found that "[t]he defendant discontinued his PCRA in the Court of Common Pleas on January 31, 1996." Opinion of 2001, page 3. Proceeding from that finding, the court held that Williams's PCRA petition filed January 9, 1997, was Williams's second and was untimely because it was filed after the effective date of the 1995 amendments to the PCRA.

The PCRA court, however, miscalculated on two grounds. First, Williams's state sentence became final[8] on November 8, 1994. Therefore, under the grace period of the PCRA amendments,[9] Williams had until January 16, 1997, to file a timely first PCRA petition. Williams's petition filed January 9, 1997, was timely if it were a first petition.

The PCRA court suggests that if Williams's "withdrawal is not final ... all he had to do was ... re-file here ... Mr. Williams had time to re-file prior to the deadlines established

8. A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

9. The amendments provide that "a petitioner whose judgment has become final on or before the effective date of this act shall be deemed to have filed a timely petition under 42 Pa.C.S. Ch. 95 Subch. B if the petitioner's first petition is filed within one year of the effective date of this act." Section 3(1) of the Act of Nov. 17, 1995 (Spec.Sess. No. 1) P.L. 1118, No. 32, found as a note to 42 Pa.C.S. §§ 9542, 9543, 9544, 9545, and 9546. The effective date of the act was 60 days after November 17, 1995, or January 16, 1996.

by the legislative amendments of § 9545." Opinion, August 30, 2002, page 5. Williams **did** refile within the deadlines established by the amendments to Section 9545 when he filed the amended petition on January 9, 1997, the petition which the PCRA court deemed his second. Thus, if the purported withdrawal of Williams's first petition makes it a nullity, Williams's petition of January, 1997 was timely.

■ The PCRA court found that Williams's January 9, 1997 filing was, however, his second petition and was therefore not entitled to the safe harbor provision of the PCRA amendments. In that, the PCRA court erred. Since the court never acted on Williams's motion to withdraw his PCRA petition, the motion to withdraw was never effected.

■ When this Court reviews a denial of post-conviction relief, the standard of review is whether the findings of the PCRA court are supported by the record and free of legal error. *Commonwealth v. Breakiron,* 566 Pa. 323, 781 A.2d 94, 97 (2001). Because the instant appeal hinges upon a question of law, whether an uncounseled motion to withdraw is effective, our standard of review is plenary. *Commonwealth v. Smith,* 572 Pa. 572, 818 A.2d 494, 498 (2003); *see also Commonwealth v. Haag,* 570 Pa. 289, 809 A.2d 271 (2002).

■ In the rules as they were then constituted, the judge had the power to "grant leave to amend or withdraw a motion for post-conviction collateral relief at any time." Pa.R.Crim.P. 1505(a)(1995). The Rules explicitly demanded action from a judge allowing amendment or withdrawal of a petition.

The PCRA court relied on *Commonwealth v. Baker,* 556 Pa. 427, 728 A.2d 952 (1999), to hold that "the court could not ... rule it to be error to grant [Williams's] request for a dismissal of the PCRA." Opinion of 2002, page 5.

In *Baker* this Court recited half of the Rule which then applied to withdrawal of PCRA petitions, a recitation on which the PCRA court in this case relied. In *Baker,* this Court wrote that "[t]he rules of criminal procedure allow a party to 'withdraw a petition for post-conviction collateral relief at any

time.' Pa.R.Crim.P. 1505." *Baker,* 728 A.2d at 953. The PCRA court quoted that passage from *Baker* and reasoned that "where a party withdraws his petition for post-conviction collateral relief according to the rules of criminal procedure, as did the Defendant in this case, a court cannot subsequently find that granting the dismissal of the PCRA was an error." Opinion of 2002, page 5.

The *Baker* decision did not quote the entire rule as it was then and as it is now that "[a] **judge may grant leave to** amend or withdraw a motion for post-conviction collateral relief at any time." Pa.R.Crim.P. 1505 (1995) (emphasis added) The difference between this case and *Baker* is that in *Baker* a judge **had** granted leave to withdraw so the omitted words were not controlling in that case. The omission of the words "a judge may grant leave" in *Baker* was immaterial. In this case, no such grant was made by the judge, so the omitted words become significant.

█ The Commonwealth argues that word "may" in the rule renders the court's participation in withdrawal or amendment discretionary. That argument fails because it is the grant of withdrawal or amendment which is discretionary, not the court's participation. The statutory word "may" as contrasted with "shall" signals a discretionary rather than a mandatory act. *Oberneder v. Link Computer Corp.,* 548 Pa. 201, 696 A.2d 148, 150 (1997); 1 Pa.C.S. § 1921(b). The court retains discretion whether or not to grant a motion to withdraw or amend a post-conviction petition. The rule does not say that a motion to withdraw or amend will take effect whether or not the court chooses to participate in the decision. A provision granting discretionary powers is not self-executing. *Commonwealth ex rel. Kelley v. Keiser,* 340 Pa. 59, 16 A.2d 307, 310 (1940).[10] If the court does not choose to "grant leave to amend or withdraw" then the motion is without effect.

10. Constitutional provisions may be self-executing. *Braig v. State Employees' Retirement Bd.,* 138 Pa.Cmwlth. 124, 587 A.2d 371, 377 (1991); *In re St. Lawrence Borough Charter,* 56 Pa. D. & C.2d 595, 599 (1972). Some statutes are self-executing, such as Section 306(a)(2) of the Workers' Compensation Act, 77 P.S. § 1 *et seq. Henkels & McCoy, Inc.*

Both the PCRA court and the Commonwealth reason that an Internal Operating Procedure of the Superior Court, Section 65.23(A), which allows the withdrawal of an appeal without approval of the court, is analogous to a capital defendant's *pro se* withdrawal of his PCRA petition without approval of the court. To the contrary, the need for a rule that an appeal may be discontinued without court approval suggests that, otherwise, court approval would be required.

Therefore, since the court failed to act on Williams's motion to withdraw his *pro se* petition in 1997, it cannot claim in 2002 that it did so act.

The PCRA court held that the petition of January 9, 1997, was a **second** petition and as such was not timely under the amendments to the PCRA. On that erroneous assumption, the PCRA court also held that the amendment ordered docketed as of September 30, 1997, was of no significance. Since the court erred in its basic assumption, that a motion without an order of the court could effect the withdrawal of a *pro se* petition, its holding that the amendment did not relate back is also erroneous.

The PCRA court suggested that discounting Williams's attempt to withdraw his first PCRA petition "would open the courts to mischief. A prisoner could file a PCRA and promptly withdraw it, in order to defeat the time limits of § 9545, and claim that any second petition is merely an extension of the first." Opinion of 2002, page 6. The PCRA court is fearing ills

*v. W.C.A.B. (Hendrie),* 565 Pa.493, 776 A.2d 951, 956 (2001). Rules of court may be self-executing. *Commonwealth v. Bell,* 442 Pa. 566, 276 A.2d 834, 837 (1971) (the then 180 day rule self-executing); *Allen v. Lipson,* 8 Pa. D. & C.4th 390, 402 (1990) (Raup, P.J., dissenting) (self-executing rules of discovery). Some orders of the court are self-executing, such as a trial court's order directing defendants to post a bond within 10 days or have their petition to open confessed judgment stricken. *Grove North America, Div. of Kidde Industries, Inc. v. Arrow Lift & Const. Equipment Co., Inc.,* 421 Pa.Super. 12, 617 A.2d 369, 372 (1992); *Century Nat. Bank and Trust Co. v. Gillin,* 368 Pa.Super. 443, 534 A.2d 518, 521 (1987) (rule to show cause not self-executing). Claims for delay damages under the Eminent Domain Code, 26 P.S. § 1–601 *et seq.,* are self-executing; claims for attorney fees are not. *Matter of Condemnation of a Certain Parcel of Land in South Park Twp. by South Park Twp.,* 96 Pa.Cmwlth. 59, 506 A.2d 511, 514 (1986).

which will never happen: once a petitioner has filed a **timely** first PCRA petition—within a year of finality of sentence—he or she has no reason to withdraw that petition to preserve his or her rights to amend it. A petitioner who timely files has no reason to "defeat the time limits of § 9545." He or she has already "defeated" the time limits with a timely filing. Routine PCRA practice is for the court to receive a *pro se* petition and to appoint counsel who is required by the rules to file an amended petition, amendment of which should be freely granted under the rules. Pa.R.CrimP. 904, 905. Thus, the "mischief" the PCRA court fears would not come to pass.

Therefore, Williams's motion without court action fails to satisfy the dictates of the Rules that **a judge** may grant leave to withdraw or amend a petition. Giving effect to the Rules and holding that an unacted-upon motion is not controlling will not change or impact PCRA practice or rights because that holding comports with the Rules and practice.

The difficulty with this case also dictates its outcome. In December 1995, Williams asked the county to appoint counsel for him. As the Rules of Criminal Procedure were then, the county had a clear obligation to appoint counsel "to represent the defendant on the defendant's first motion for post-conviction collateral relief." Pa.R.Crim.P. 1504(a)(1995).

The record does not reflect **any** appointment of counsel by the Court of Common Pleas of Lehigh County. This Court has long held that:

> [w]here . . . PCHA petitioner is not represented by counsel, the dismissal of his petition may not serve as final litigation of the issues there presented, nor may it constitute a knowing and understanding waiver of the right to litigate any other issues. Since no counsel was appointed to assist Appellant at the time he filed his first petition, the PCHA judge erred in using the dismissal of the first petition as a basis for the finding that all of the issues raised in the second petition had either been waived or finally litigated.

*Commonwealth v. Smith,* 459 Pa. 583, 330 A.2d 851, 852–53 (1975) (citations omitted.)

The PCRA court in this case suggests in its 2001 opinion that the Federal Defender's Association, which had been appointed by the Eastern District Court, "agreed" to represent Williams. But the record supports the conclusion that Williams had not met with counsel before filing his *pro se* withdrawal.

We need not speculate about whether Williams would have filed a motion to withdraw his first PCRA petition had he been counseled in county court since the court never ruled on that motion. Without a corresponding order from the court, the motion is of no import.

This case is distinguishable from the recent decision of this court in *Commonwealth v. Rienzi*, 2003 WL 1337334 (Pa. 2003). In *Rienzi* this Court found a second PCRA petition untimely when it was filed nine months after the expiration of the one-year jurisdictional time frame. 42 Pa.C.S. § 9545(b)(1). In footnote 6 to the Opinion in *Rienzi* the Court notes that "the December 28, 1998 Order withdrawing the petition is not included in the record. However, in their briefs, both the Commonwealth and Appellee agree that the petition was withdrawn at the behest of Appellee's counsel." *Rienzi*, 2003 WL 1337334 at *3 n. 6. The untimely petition was deemed to be Rienzi's second because the court ordered his first **counseled** petition withdrawn without prejudice 18 days before the expiration of the statutory year for filing an amended petition. In this case, Williams—in contrast to the defendant in *Rienzi*—was neither counseled at the time he filed his first PCRA petition nor when he attempted to withdraw it. And, in this case, the PCRA court never acted on his motion to withdraw and continued to treat Williams's PCRA petition as viable for **six** years before deciding it had been withdrawn.

The PCRA court distinguished Williams's case from *Commonwealth v. Tedford*, 566 Pa. 457, 781 A.2d 1167 (2001), because in *Tedford* the court directed that the *pro se* petition be withdrawn while here, the court reasoned, Williams voluntarily withdrew his petition.

The PCRA court also sought to distinguish Williams's case from that in *Commonwealth v. Duffey*, 551 Pa. 675, 713 A.2d 63 (1998), in which this Court held that a petitioner is entitled to the appointment of counsel for a first PCRA petition. The court in Williams's case said, "the issue is whether Mr. Williams'[s] withdrawal of his PCRA was knowing and voluntary. The fact that he had counsel accessible to him and that the withdrawn status persisted for such a length of time leads to the conclusion that the waiver was knowing, voluntary, and deliberate." Opinion of 2002, page 5.

In actuality, *Tedford* and *Duffey* stand for the proposition that if a court dismisses a *pro se* petition prior to the appointment of counsel, a subsequent counseled petition may not be treated as an untimely second petition.

■ It is generally true that a petitioner has no federal constitutional right to counsel in a state collateral proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). But, petitioners do have a state Rule-based right to the assistance of counsel during collateral review. *Commonwealth v. Priovolos*, 552 Pa. 364, 715 A.2d 420, 421–22 (1998), particularly since this Court has recognized the legislative limitation to collateral proceedings to a single, counseled petition. *Commonwealth v. Craig Williams*, 566 Pa. 553, 782 A.2d 517, 524 (2001). Even at the time of Williams's first *pro se* petition, the Rules required the appointment of counsel. Pa.R.Crim.P. 1504(a) (1995).

In its Opinion of 2002, the PCRA court reasoned that when Williams withdrew his *pro se* PCRA petition he "waived all rights inherent to the PCRA, including the right to counsel." Opinion, August 30, 2002, page 3.

■ In fact, when Williams filed his *pro se* petition he was entitled to the advice of counsel and if he withdrew that petition before the appointment of counsel, then his second petition should be treated as a first petition *nunc pro tunc. Duffey*, 713 A.2d at 70.

The PCRA cannot hold Williams responsible for the persistence of the "withdrawn status" since the court at every

opportunity treated the petition as active and indeed purported to "clear up the record" on the question of withdrawal, concluding that since no judge had acted on the motion, it had not been withdrawn.

During five days of hearing on the amended petition, at no time did the court conduct a colloquy with Williams to determine that his motion to withdraw had indeed been "knowing, voluntary, and deliberate."

The PCRA court relied on two Superior Court decisions, *Commonwealth v. Brady*, 741 A.2d 758 (Pa.Super.1999), and *Commonwealth v. Meehan*, 427 Pa.Super. 261, 628 A.2d 1151 (1993), to find that there was no need conduct a colloquy with Williams about the withdrawal of his PCRA petition. Opinion of 2002, page 4.

In 1997 when Williams tried to withdraw his PCRA petition, the necessity for a colloquy with a defendant seeking to waive significant rights was well-established. The requirement for a colloquy before withdrawing or foregoing the right to a PCRA petition was at that time less clear,[11] but the standard was to conduct a colloquy regarding the relinquishment of PCRA rights even before the rules required it.

At the time Williams sought to withdraw his PCRA petition, colloquies by the trial court were conducted frequently enough in capital cases to be considered routine even before the amendment to the Rules required it. Henry Fahy's colloquy request came in December 1995. *Commonwealth v. Fahy*, 549 Pa. 159, 700 A.2d 1256, 1258 (1997). In *Bronshtein*, the PCRA court in 1998 conducted a lengthy colloquy to determine that petitioner's waiver of his right to seek post-conviction relief was knowing and intelligent. *Commonwealth v. Bronshtein*, 556 Pa. 545, 729 A.2d 1102, 1103–07 (1999). In this case, Williams sought to withdraw his PCRA petition in January 1997. Thus, PCRA courts conducted waiver colloquies both before and after Williams's alleged request.

11. Now a colloquy on waiver in capital cases is required by Pa. R.Crim.P. 904(G)(1)(a).

The only recent capital case in which this Court permitted the withdrawal of a PCRA petition without a colloquy before the rules required it was *Baker* in which the withdrawn petition was counseled and the withdrawal was counseled. The reasons for withdrawal were also clear from the record: Baker believed he had to withdraw his PCRA petition to allow consideration of his habeas corpus petition in federal court.

In *Baker*, the defendant filed a PCRA petition in January, 1997. On March 31, 1997, the court granted Baker's motion to dismiss "at the request of defense counsel as being premature due to on-going litigation in federal court." *Baker*, 728 A.2d at 953. In Baker's case both his petition and his withdrawal were counseled and did not represent, according to the PCRA court, an attempt by Baker to forego all further collateral review. *Baker v. Horn*, 210 F.Supp.2d 592, 636 (E.D.Pa.2002).

In this case, during the five hearings in May and October of 2000 Williams did not testify and no testimony was elicited regarding Williams's *pro se* motion to withdraw. Therefore, the record which was available to the Court in *Baker* regarding his reasons for his counseled withdrawal of his counseled petition are not available in this case.

In *Fahy*, this Court equated the colloquy required to withdraw a PCRA petition with the colloquy required for a defendant to waive his right to a trial and to present evidence at a penalty phase hearing in a capital case.[12] *Fahy*, 700 A.2d at

12. This Court has also required a colloquy before accepting any other significant waiver in capital cases, such as waiving the right to counsel, the right to a jury trial, and entering a guilty plea as opposed to proceeding to trial. In *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Supreme Court held that "in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits." Id. at 835, 95 S.Ct. 2525. In *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976), this Court analogized the requirements for a valid waiver of an accused's right to a prompt trial to the formal requirements for a valid waiver of other important rights. The Court in *Myrick* held that "[s]o long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded prima facie validity. Absent this record indication of validity, the waiver will be ineffective." *Myrick*, 360 A.2d at 600. *See Commonwealth v. Edward Williams*, 454 Pa. 368, 312 A.2d 597 (1973) (on the

1259. The *Fahy* colloquy deemed compliant lasted more than an hour during which Fahy clearly and unambiguously stated that he wished to waive his right to all further appeals and that he wanted his sentence carried out as soon as possible. He stated that he understood that his death sentence likely would be carried out if he waived his appellate rights. He also repeatedly stated that he did not want his attorneys to file any further appeals or petitions on his behalf. As a result of the colloquy, the court accepted Fahy's waiver. *Fahy*, 700 A.2d at 1259. This Court found that the withdrawal of a PCRA petition by a petitioner sentenced to death is of such a magnitude that it requires a court to take extraordinary steps to ensure that the petitioner understands the effect that the withdrawal will have on his or her ability to seek any further relief in this Court. *Fahy*, 700 A.2d at 1258.

 This Court has affirmed **valid** waivers of further review in capital matters. *Bronshtein*, 729 A.2d at 1106; *In re Heidnik*, 554 Pa. 177, 720 A.2d 1016, 1023 (1998); *Fahy*, 700 A.2d at 1258; *Commonwealth v. Michael*, 562 Pa. 356, 755 A.2d 1274 (2000). A **valid** waiver is one in which the defendant knowingly, intelligently, and voluntarily waived his rights to counsel and post-conviction review and was competent when

record inquiry must be conducted for waiver of jury to be knowing and intelligent); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974)(on the record colloquy must ascertain from the defendant that guilty plea is voluntarily and understandingly tendered); *Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d 832 (1978) (colloquy concerning waiver of jury trial must appear on the record, must indicate at a minimum that defendant knew essential protections inherent in jury trial as well as consequences attendant upon relinquishment of those safeguards); *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1336–37 (1995)(waiver of right to representation invalid without colloquy); *Commonwealth v. Brazil*, 549 Pa. 321, 701 A.2d 216 (1997) (trial court must thoroughly conduct on-record inquiry into defendant's appreciation of right to effective assistance of counsel and to represent oneself at trial, record must show that defendant was offered counsel but intelligently and understandingly rejected the offer, and anything less is not waiver of counsel); *Commonwealth v. O'Donnell*, 559 Pa. 320, 740 A.2d 198, 213 (1999) ("[S]ince the record is devoid of any inquiry indicating that Appellant had sufficient knowledge of what, in fact, she was waiving, we are unable to find that her waiver of a penalty-phase jury was knowing and intelligent.").

he did so. *Commonwealth v. Saranchak,* 570 Pa. 521, 810 A.2d 1197, 1209 (2002) (Castille, J., dissenting).

In this case the trial court has never, over the course of seven years, made an inquiry as to whether Williams's motion was knowingly, intelligently and voluntarily withdrawn.

Williams—without benefit of counsel—sought to withdraw his first uncounseled PCRA petition. No court has ever ruled on that motion. The PCRA court over the course of six years conducted itself as if it had jurisdiction and, indeed, ordered that an amended petition be docketed. The PCRA court has already held six hearings on the merits of the petition which it now deems invalid. In that time, the court never conducted a colloquy with Williams as to whether his waiver of his PCRA rights and his right to counsel was knowing, intelligent and voluntary.

The facts of this case—that there was no action on the motion to withdraw, that both the motion and its purported withdrawal were uncounseled, that the Rules demand liberal amendment of a PCRA petition, that no colloquy was conducted on Williams's waiver of his PCRA rights, and that the PCRA court for five years and hours of testimony treated the petition as viable—all require that we treat Williams's January 9, 1997 and September 30, 1997 petitions as amendments of his first timely petition. Any other holding would suggest that a motion which is filed but not acted on by the court has the force of law in a case.

Therefore, we vacate the order of the PCRA court and remand the case to the PCRA court for a decision on the merits of Williams's claims of ineffective assistance of counsel because no court ever ruled on Williams's motion to withdraw his first timely *pro se* petition.

Justice NIGRO concurs in the result.

Justice CASTILLE files a concurring and dissenting opinion in which Justice EAKIN joins.

JUSTICE CASTILLE, CONCURRING AND DISSENTING.

I concur in the Majority's ultimate judgment, which remands for a determination on the merits, with the case to be treated as a timely first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.* However, I would confine our discussion to much narrower grounds and would not address or decide alternative and/or contingent issues which become irrelevant. Moreover, because I disagree with the Majority's reasoning on some points, including those points which I believe the Court should not reach at all, I find myself in a posture of partial and respectful dissent.

In my view, the narrowest sufficient basis of decision in this case is one simply holding that the PCRA court erred in treating this as a serial PCRA petition, subject to the jurisdictional time constraints of the amended PCRA, *see* 42 Pa.C.S. § 9545(b), because the petition the court deemed to be appellant's first petition was: (1) not decided on the merits and (2) not dismissed with prejudice. Appellant's initial *pro se* PCRA petition was filed six days after his initial post-conviction pleading, which was comprised of a request to be granted *in forma pauperis* status and to be appointed PCRA counsel. The PCRA petition, as well as the anticipatory pleadings respecting indigency and counsel, remained pending with no action by the PCRA court, as appellant sought to pursue federal habeas corpus remedies. The request(s) to withdraw were never acted upon by the court, much less was any order entered dismissing the initial pleadings with prejudice. *Contrast, Commonwealth v. Rienzi,* 573 Pa. 503, 827 A.2d 369, 2003 WL 1337334 (filed March 19, 2003) (untimely second petition cannot be deemed amendment of timely first petition where first petition was withdrawn at behest of petitioner's counsel without prejudice). On these facts alone, I would hold that appellant is now, and always was, pursuing a single PCRA petition which was timely filed and which must be analyzed by the PCRA court upon the merits as a timely first petition.

The Majority holds as much, *see* Op. at 987, but goes on to reach additional and alternative arguments raised by appellant which, in my view, are not strictly necessary to our decision. I understand why appellant forwarded these additional arguments, faced as he was with a very late, retroactive finding by the PCRA court that his petition was a serial one subject to the PCRA time-bar. The injustice of the decision below is so patent that I also understand the Court's temptation to address appellant's additional arguments. But, I believe that the better course is for the Court not to pass upon questions nonessential to our mandate. This is particularly so because the timing of this case—the amendments to the PCRA, including the time-bar and serial petition restriction, became effective as the matter was pending—render this situation distinctly unlikely to occur again.

Preliminarily, I offer some comment on the Majority's discussion of then-Rule 1505 of the Rules of Criminal Procedure, which governed the withdrawal of PCRA petitions.[1] Construing the plain language of the Rule, the Majority correctly notes that it "explicitly demanded action from a judge allowing amendment or withdrawal of a petition." Op. at 987. *Accord id.* at 989. This is certainly true so far as the Rule goes. However, I think it is important to emphasize that the Rule does not necessarily preclude a would-be PCRA litigant from unilaterally discontinuing an action by notice or praecipe. The Majority overlooks the fact that a court cannot force a petitioner to litigate a PCRA action against his or her will any more than it can force the plaintiff or moving party in **any** action to continue with a suit. The reason to seek court approval of a withdrawal, it seems to me, is precisely to ensure against unintended and deleterious collateral consequences— *i.e.*, it affords the party an opportunity to receive court assurance that the withdrawal **will be without prejudice.** In this case, appellant did not elect to simply discontinue this matter; instead, he sought leave of court to do so. Having invoked this avenue of withdrawal, I agree with the Majority

---

**1.** The Rules have since been renumbered, effective April 1, 2001. Former Rule 1505 is now renumbered as Rule 905. Pa. R.Crim.P. 905, Note.

that the matter cannot be deemed to have been effectively withdrawn without court approval—much less withdrawn with prejudice (in the sense of counting as a first PCRA petition). That the matter cannot be deemed to have been withdrawn with prejudice on this record is particularly the case because, as the Majority correctly notes, the PCRA court never acted upon appellant's anticipatory *pro se* filing, which requested recognition of *in forma pauperis* status and the concomitant appointment of counsel.

The Majority also suggests that appellant's motion to withdraw cannot have been effective because counsel had not been appointed. The Majority would hold that appellant was entitled to appointment of counsel. Op. at 989–90. However, the entitlement to appointed counsel at the relevant time was not automatic. At the times relevant here, a PCRA petitioner (including a petitioner in a capital case) was entitled to appointment of PCRA counsel on a first petition only if he satisfied the judge that he "is unable to afford or otherwise procure counsel." Pa.R.Crim.P. 904(B) (formerly Rule 1504(B)). Nevertheless, appellant here specifically requested both a determination of indigency and appointment of counsel: under these specific factual circumstances, it certainly would have been error for the court to dismiss the PCRA petition with prejudice, and it was no less erroneous to deem it withdrawn with prejudice. However, since the court did not in fact dismiss the petition or rule upon the motions, we need not reach this question or the other derivative questions the Majority goes on to discuss.

The Majority further suggests in very broad terms that a capital PCRA petitioner cannot effectively withdraw a PCRA petition without the court first conducting a colloquy. Again, since the motion to withdraw this PCRA petition was never granted, this question of "the necessity for a colloquy with a defendant seeking to waive significant rights" is necessarily academic. Moreover, because the Rules of Criminal Procedure were amended in 2000 to address this very issue in capital cases, it is an issue we should take pains not to address. This is even more so the case because the right to file a PCRA petition is not peculiar to capital convicts; it

applies to non-capital cases as well. The Rules of Criminal Procedure applicable here did not require a colloquy before a PCRA petition could be withdrawn. Indeed, before the PCRA was amended in 1996 to include the time-bar, and so long as a withdrawal was understood to be without prejudice, there would simply be no reason to conduct a colloquy. It was up to the petitioner—be he sentenced to death, or to county prison, or to state time, or to probation—to determine if and when to pursue collateral relief. Moreover, even after the time-bar was enacted, a petitioner can still effectively waive PCRA review entirely simply by never filing a petition. If a colloquy were required to make a waiver of PCRA review valid, then PCRA petitions must by extension be self-filing.

In summary, I agree with the Majority that the request to withdraw, never having been acted upon by the Court, did not convert appellant's initial *pro se* filing into a first petition which was dismissed with prejudice. Accordingly, I join in the court's mandate. However, I respectfully disagree with the decision to address additional issues not necessary to effect our mandate, and I do not agree with all that the Majority says upon those questions. Accordingly, I dissent in part.

Justice EAKIN joins this concurring and dissenting opinion.