J-S27018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ISAAC DICKERSON | |
| Appellant | No. 2639 EDA 2014 |

Appeal from the PCRA Order entered July 31, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0002660-2010

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 26, 2015**

Appellant, Isaac Dickerson, appeals *pro se* from the July 31, 2014 order entered in the Court of Common Pleas of Lehigh County, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.

On direct appeal, this Court adopted portions of the trial court's comprehensive summary of evidence presented at trial in this case. ***Commonwealth v. Dickerson, I.***, 905 EDA 2011, unpublished memorandum at 1-6 (Pa. Super. filed March 23, 2012).  For purposes of this appeal, it is sufficient to know that on January 21, 2011, a jury found

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant guilty of second degree murder, robbery, burglary, theft by unlawful taking, and criminal conspiracy to commit robbery,[1] all stemming from events that occurred in the early morning hours of March 15, 2010. On February 23, 2011, the trial court sentenced Appellant to a term of life imprisonment without possibility of parole for the murder conviction and an aggregate consecutive sentence for the remaining convictions. The trial court denied Appellant's post-sentence motions on March 17, 2011.

Appellant filed a direct appeal to this Court contending the verdict was against the weight of the evidence and alleging trial court error for denying a new trial based on newly discovered evidence, for failing to schedule the hearing of a witness, and for denying his pre-trial motion to sever his trial from that of his co-defendant and brother, Kyle Dickerson. This Court affirmed Appellant's judgment of sentence on March 23, 2012. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on August 23, 2012.

Appellant filed a timely *pro se* Petition for "Post Conviction Collateral Relief" on August 21, 2013. The PCRA court appointed counsel who filed a **Finley**[2] no-merit letter after reviewing the file and speaking with Appellant. The PCRA court scheduled an April 10, 2014 hearing, during which PCRA

---

[1] 18 Pa.C.S.A. §§ 2502(b), 3701, 3502, 3921, and 903, respectively.

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

counsel stated his conclusion that each of Appellant's six issues was without merit. In the course of the hearing, the following exchanges occurred:

> **PCRA Counsel:** [] I spoke with [Appellant] over at [Lehigh County Prison] on two different occasions after being appointed to review his petition, to make sure that I was addressing everything that he wanted to address.
>
> I believe there were six issues. After investigating those six issues I came to the conclusion that they are all without merit.
>
> I wrote him a *Finley* letter explaining the reasons that I believe those issues were without merit.
>
> If you want I can address each one or, do you have a copy of my letter?
>
> **The Court:** I should. I do. It is not necessary that you outline each item.
>
> **[PCRA Counsel]:** So based on the – my investigation and my belief that they either have been previously litigated or they lack merit, I filed a Motion to withdraw and I seek to be withdrawn from this case, Your Honor.
>
> **The Court:** All right. Mr. Dickerson. . . . Do you understand what's happening here?
>
> **[Appellant]:** Yes, ma'am, I do.
>
> **The Court:** And what is your position?
>
> **[Appellant]:** I don't have a problem with him withdrawing from my case but if you – if I had to go *pro se*, I will. But I'm just asking if I do go *pro se*, you just grant me all my, all my legal matters that I need to continue on with my petitions, transcripts, everything I need, if I have to go *pro se.*
>
> **The Court:** Yes. I'm going to allow [PCRA counsel] to withdraw, which leaves you with these options.
>
> You represent yourself. You hire private counsel or you withdraw it. So based on now two lawyers telling you that there is no merit, so what is your desire?
>
> **[Appellant]:** I'm gonna *pro se* myself [sic].

* * *

> **The Court:** [] Okay. So we need to continue the matter so that [Appellant] can represent himself. . . . How much time are you requesting to get yourself together and ready for the hearing?
>
> **[Appellant]:** 90 days.
>
> **The Court:** Any objection?
>
> **[District Attorney]:** No.
>
> **The Court:** That takes us to July. We'll do Wednesday, July 23rd, 9:30.
>
> * * *
>
> **[PCRA counsel]:** Your Honor, I'll just give him the entire file that I have.
>
> **The Court:** Sounds good.

Notes of Testimony, PCRA Hearing, 4/10/14, at 3-6.

A July 10, 2014 docket entry reflects that Appellant filed a *pro se* "Petition for Post Conviction Relief/Appointment of Counsel [and] Request for Evidentiary Hearing," asserting allegations of both PCRA and trial counsel ineffectiveness, seeking appointment of new counsel, and requesting a new trial or evidentiary hearing.[3] By order entered July 15, 2014, the PCRA court

_____

[3] Although the July 10, 2014 filing is entitled "petition," it is more accurately characterized as an 18-page brief. In the document, Appellant argued PCRA and trial counsel ineffectiveness for failing to request a *crimen falsi* instruction, for failing to request an "anti-corroboration" instruction, for failing to raise the cumulative effect of errors in the jury instructions, and for failing to raise an objection to the jury venire panel as not representative of
*(Footnote Continued Next Page)*

denied Appellant's request for counsel and scheduled the evidentiary hearing on the "Petition for Post Conviction Collateral Relief" for July 23, 2014, the date previously fixed for the hearing at the conclusion of the April 10 proceedings.

Appellant appeared for the July 23, 2014 hearing. Because Appellant's trial counsel was not available to testify, the PCRA court rescheduled the hearing for July 31, 2014 and granted Appellant's request to remain in the Lehigh County Prison pending the hearing.

The PCRA court reconvened Appellant's evidentiary hearing on July 31, 2014. Appellant and trial counsel appeared and Appellant was afforded the opportunity to examine trial counsel. However, Appellant did not have any paperwork with him, explaining he did not bring it with him from jail "because I thought we were gonna come down here and talk about the brief that I put in for the ineffective [appointed PCRA] counsel." N.T. PCRA Hearing, 7/31/14, at 5-6. When Appellant attempted to turn his questioning to the subject of PCRA counsel, the PCRA court stated, "We're not here for that. . . . You have filed your PCRA against your trial counsel." *Id.* at 12. Appellant explained, "I want to pursue the issue that I raised in my brief summary that I sent to you and to the District Attorney, not the issues I had

_(Footnote Continued)_ ───────────────

the community. Appellant also alleged he was denied his rule-based right to effective assistance due to PCRA counsel's ineffectiveness for failing to review the record and raise meritorious claims.

in my PCRA, because I already disclosed that." *Id.* at 13. The PCRA court responded, "Well, it doesn't work that way. That's not the way the system is designed to work." *Id.* at 13-14. Appellant confirmed he did not want to pursue the six issues of trial counsel ineffectiveness addressed in PCRA counsel's *Finley* letter, but wanted instead "to pursue the issues that I have in my brief that I sent you and the District Attorney." *Id.* at 14. The PCRA court responded, "Then your PCRA motion is going to be dismissed. And if there is something that you wish to re-file and you properly do that, then we'll hear it." *Id.* at 14-15. The PCRA court continued, explaining:

> [Appellant] has indicated on the record that he no longer wishes to pursue the issues that were framed in his original PCRA or framed in [PCRA counsel's] *Finley* letter. So there is nothing to pursue here.
>
> Go back to state prison and if you wish to pursue something else, then file it, and we'll see where we are.

*Id.* at 15. At the conclusion of the hearing, the PCRA court entered an order dismissing Appellant's "Petition for Post Conviction Collateral Relief."

In his timely appeal from the July 31, 2014 order, Appellant raises six issues, five of which (Issues B through F) are the same issues Appellant raised in his *pro se* July 10, 2014 filing with the PCRA court.[4] *See*

_____

[4] See footnote 3. The sixth issue, Issue A in Appellant's brief, alleges PCRA court error for not allowing Appellant to argue the claims raised in his July 10, 2014 filing during the hearing held on July 31.

Appellant's Brief at 4; *pro se* Petition for Post Conviction Relief, 7/10/14, at 7-17.

As this Court recently explained:

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." ***Commonwealth v. Sam***, 597 Pa. 523, 952 A.2d 565, 573 (2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. ***Commonwealth v. Pitts***, 603 Pa. 1, 981 A.2d 875, 878 (2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. ***Id.***

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015 (*en banc*).

At the heart of this appeal is Appellant's attempt to obtain relief based on ineffective assistance of counsel claims not raised in his original PCRA petition or in appointed counsel's ***Finley*** no-merit letter but raised instead in the "petition" he filed on July 10, 2014. It is clear from the exchange between Appellant and the PCRA court at the July 31 hearing that the PCRA court did not accept Appellant's July 10 filing as an amendment to Appellant's PCRA petition. We find no error in this regard.

As our Supreme Court has explained:

Our criminal procedural rules reflect that the PCRA judge "may grant leave to amend . . . a petition for post-conviction collateral relief at any time," and that amendment "shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A); ***see Commonwealth v. Williams***, 573 Pa. 613, 633, 828 A.2d 981,

993 (2003) (noting that the criminal procedural rules contemplate a "liberal amendment" policy for PCRA petitions). **Nevertheless, it is clear from the rule's text that leave to amend must be sought and obtained, and hence, amendments are not "self-authorizing."** *Commonwealth v. Porter*, 613 Pa. 510, 523, 35 A.3d 4, 12 (2012). **Thus, for example, a petitioner may not "simply 'amend' a pending petition with a supplemental pleading."** *Id.* **Rather, Rule 905 "explicitly states that amendment is permitted only by direction or leave of the PCRA Court."** *Id.* at 523–24, 35 A.3d at 12; *see also Williams*, (indicating that the PCRA court retains discretion whether or not to grant a motion to amend a post-conviction petition). It follows that petitioners may not automatically "amend" their PCRA petitions via responsive pleadings.

*Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014) (emphasis added).[5]

At no time did Appellant request the opportunity to amend the PCRA petition that was the subject of the scheduled July 31, 2014 hearing. At the initial evidentiary hearing on April 10, Appellant did not seek leave to amend. Rather, in response to the PCRA court's inquiry as to how much time Appellant needed to "get [himself] together and ready for the hearing," Appellant simply responded, "90 days." N.T. PCRA Hearing, 4/10/14, at 5. *Id.* When Appellant filed a petition on July 10 seeking appointment of counsel and, for the first time, raising issues of both layered ineffectiveness

---

[5] *Compare Commonwealth v. Boyd*, 835 A.2d 812, 817 (Pa. Super. 2003) (by permitting appellant to file supplement to PCRA petition and then considering it, PCRA court effectively allowed appellant to amend his PCRA petition to include issues presented in supplement).

and PCRA counsel ineffectiveness, the PCRA court denied Appellant's request for counsel and, as noted above, ordered that the evidentiary hearing on Appellant's original petition seeking "Post Conviction Collateral Relief" take place on July 23, 2014, the date fixed for the hearing at the conclusion of the April 10 hearing. PCRA Court Order, 7/15/14, at 1. The PCRA court did not suggest it would entertain the July 10 filing as an amended PCRA petition. In fact, the PCRA court did not even allude to the July 10 filing during the July 31 hearing, referring instead to Appellant's claims of trial counsel ineffectiveness and disallowing any questioning or argument from Appellant beyond his original *pro se* petition or PCRA counsel's **Finley** no-merit letter.[6]

Our reading of the April 10 and July 31, 2014 PCRA hearing transcripts leads us to conclude the PCRA court never authorized Appellant to amend his PCRA petition, and the record does not reflect any request by Appellant for an opportunity to do so. However, the PCRA court did not foreclose that possibility, commenting at the July 31 proceeding that, "[I]f there is something that you wish to re-file and you properly do that, then we'll hear it[,]" and "Go back to state prison and if you wish to pursue something else, then file it, and we'll see where we are." N.T. PCRA Hearing, 7/31/14, at 15.

---

[6] We also note the PCRA court's Rule 1925(a) opinion does not discuss Appellant's July 10 filing.

We recognize Appellant is proceeding *pro se*. However, as this Court has cautioned, while we are "willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citations omitted)). "Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court." **Id.** at 252. As explained by our Supreme Court in **Baumhammers**, to preserve additional PCRA claims, a petitioner must seek leave to amend his petition. Appellant did not do so. Instead, he abandoned the issues raised in his PCRA petition, leaving the PCRA court without any ineffectiveness claims to consider. Because the issues Appellant asks this Court to review were not raised in his PCRA petition or in PCRA counsel's no-merit letter and because no request was made to amend his petition to include them, Appellant's claims are waived. **Baumhammers**, 92 A.3d at 731. Therefore, we may not consider them.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2015

- 10 -