J-S64028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| FERDINAND AGUIRRE | |
| Appellant | No. 527 EDA 2016 |

Appeal from the PCRA Order February 5, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0509651-2003

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                **FILED OCTOBER 12, 2016**

Appellant, Ferdinand Aguirre, appeals from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  The PCRA court found the petition untimely and therefore not within its jurisdiction.  We affirm.

On August 27, 2004, a jury convicted Appellant of third-degree murder, aggravated assault, and carrying a firearm without a license.  On October 20, 2004, the trial court sentenced him to consecutive terms of imprisonment of 20-40 years for third-degree murder, 10-20 years for aggravated assault, and 3½-7 years for carrying a firearm without a license.  Appellant filed a timely appeal, and this Court affirmed his judgment of sentence on September 30, 2005.  ***Commonwealth v. Aguirre***, No. 2921

_____

[*] Former Justice specially assigned to the Superior Court.

EDA 2004 (Pa. Super. Sept. 30, 2005) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

Appellant filed his first PCRA petition in 2006. The PCRA court denied the petition, and this Court affirmed the order denying relief on April 17, 2009. *Commonwealth v. Aguirre*, No. 647 EDA 2008 (Pa. Super. Apr. 17, 2009). The Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. *Commonwealth v. Aguirre*, 983 A.2d 725 (Pa. 2009) (table).

Appellant filed the instant PCRA petition, his second, on June 1, 2012. On January 20, 2015, he filed a *pro se* amended petition[1] in which he alleged that his sentence was illegal under *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (any fact that by law increases a mandatory minimum sentence must be treated as an element of the offense and found by a jury beyond a reasonable doubt). On May 5, 2015, counsel entered an appearance and filed a motion for leave to amend the petition. The PCRA court granted the motion, and counsel filed an amended petition on August 1, 2015, arguing that Appellant was entitled to retroactive application of *Alleyne*.

---

[1] The record is silent as to why no action was taken on the petition between June 1, 2012 and the filing of Appellant's amended petition in January 2015.

On December 29, 2015, the PCRA court issued a Criminal Rule 907 notice of intent to dismiss Appellant's petition on the basis that it was untimely and Appellant had failed to satisfy any exception to the PCRA's time bar. By an order entered February 5, 2016, the PCRA court dismissed Appellant's petition as untimely because he failed to establish eligibility for the "newly-recognized constitutional right" exception to the PCRA's time bar. PCRA Op., 2/15/16, at 3-4; *see* 42 Pa. C.S. § 9545(b)(1)(iii). This appeal followed.

In this appeal, Appellant raises the following issue, as stated:

> Did the PCRA Court err and violate Appellant['s] Sixth, Eighth and Fourteenth [Amendment] rights under the U.S. Constitution by finding that his PCRA petition asserting an *Alleyne* claim/Petition was untimely filed?

Appellant's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations and internal quotation marks omitted).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or

subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b) of the statute. **See** 42 Pa.C.S. § 9545(b).[2]

Here, Appellant's judgment of sentence became final on October 31, 2005, when the thirty-day time period for filing an *allocatur* petition with the Supreme Court of Pennsylvania expired. **See** 42 Pa.C.S. § 9545(b)(3). As Appellant filed the instant PCRA petition more than six years after his judgment of sentence became final, it is patently untimely unless Appellant has satisfied his burden of pleading and proving that one of the three enumerated exceptions applies.

---

[2] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

In the 2015 amendments to his instant petition, Appellant attempted to invoke the newly-recognized constitutional right exception enumerated in 42 Pa.C.S. § 9545(b)(1)(iii), based on the U.S. Supreme Court's decision in **Alleyne**. Any petition invoking an exception to the PCRA's time bar "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). **Alleyne** was decided on June 17, 2013. As the PCRA court noted, Appellant did not file his *pro se* amended petition citing **Alleyne** until January 20, 2015, approximately one and one-half years later. PCRA Court Opinion, 2/5/16, at 3. Thus, the PCRA court correctly found that Appellant's petition was untimely, and that the court therefore lacked jurisdiction to consider its merits. **See id.**; **Commonwealth v. Leggett**, 16 A.3d 1144, 1146-47 (Pa. Super. 2011) (petitioner must invoke newly-recognized constitutional right exception within sixty days of the date of the underlying judicial decision that established the right).

Appellant argues that by granting him leave to amend his petition in May 2015, the PCRA court relieved him of his obligation to raise a claim based on **Alleyne** within 60 days of the **Alleyne** decision. Appellant's Brief at 12. Appellant cites no statement by the PCRA court and no other authority to support this interpretation of the PCRA court's order. Because the time limitations in the PCRA are jurisdictional, a PCRA court has no ability to extend those time deadlines, **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999), and there is no evidence that the PCRA court had any intent to try to extend them here. In granting leave to amend once counsel

was appointed — a fairly common practice in the PCRA context — the court said nothing about excusing the untimeliness of any claim or restarting the PCRA's jurisdictional time bar clock. At most, the court afforded counsel leave to amend the PCRA petition to add a new claim if one were timely and viable. The court's order did not prejudge those issues.[3]

Appellant's claim also was subject to dismissal for a second reason: he could not satisfy the newly-recognized constitutional right exception to the time bar, which applies only when the court that recognized the new right has held that the right applies retroactively. **See** PCRA Court Opinion, 2/5/16, at 3-4; 42 Pa.C.S. § 9545(b)(1)(iii); **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501-02 (Pa. 2002). The U.S. Supreme Court has not held that **Alleyne** applies retroactively to cases on collateral review. Further, the Pennsylvania Supreme Court has expressly ruled that **Alleyne**

_____

[3] Relying on **Commonwealth v. Williams**, 828 A.2d 981, 989 (Pa. 2003), Appellant apparently contends that the timeliness of the May 5, 2015 amendment should be assessed by having it relate back to the dates of the earlier petitions Appellant was amending. But, as discussed in the text, the January 20, 2015 amendment in which Appellant first sought to raise the **Alleyne** issue was filed 1½ years too late, so that a relation of the May 5, 2015 amendment back to that date cannot cure Appellant's timeliness defect. Appellant's initial July 1, 2012 petition was filed nearly a year before **Alleyne** was decided, and it would make no sense to have the May 5, 2015 amendment relate back to that 2012 date for purposes of deciding whether a petition based on a new constitutional right recognized under **Alleyne** was valid for purposes of Section 9545(b)(1)(iii); as of 2012, no such new constitutional right had yet been recognized. As the text notes, Appellant's 2012 petition was otherwise untimely by almost six years. Appellant's relation back theory therefore cannot help his case.

does not apply retroactively in the PCRA context. ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016) ("We hold that ***Alleyne*** does not apply retroactively to cases pending on collateral review . . . ."). There is thus no authority for application of the newly-recognized constitutional right exception to Appellant's current PCRA petition.

Appellant argues that ***Alleyne*** is akin to ***Miller v. Alabama,*** 132 S. Ct. 2455 (2012) (imposition of life sentences on juveniles without possibility of parole), which was held in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), to be retroactively applicable on collateral review. Appellant's Brief at 13-16. The PCRA exception for a newly-recognized constitutional right nevertheless applies only if the right at issue "was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held ***by that court*** to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii) (emphasis added). The short answer to Appellant's argument is that, in contrast to ***Miller***, neither the Supreme Court of the United States nor the Supreme Court of Pennsylvania has held that ***Alleyne*** applies retroactively, making this requirement of Section 9545(b)(1)(iii) unmet. Even if Appellant can posit some analogy to ***Miller*** that would support an argument for either of those Courts to render a holding of retroactivity, the fact that neither Court has done so puts an end to the timeliness inquiry in this Court.

Based on the foregoing, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's untimely PCRA petition. We

therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/2016