J-S42001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHLEY REGINA MOWERY | : | |
| | : | |
| Appellant | : | No. 107 MDA 2018 |

Appeal from the PCRA Order December 18, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0007228-2015

BEFORE: BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:           **FILED JULY 10, 2018**

Ashley Regina Mowery appeals from the December 18, 2017 orders[1] that dismissed without a hearing her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), and denied her motion to amend her petition. We vacate the orders and remand for proceedings consistent with this memorandum.

After Appellant shot her then-boyfriend Montez Perry, she entered a negotiated guilty plea to aggravated assault in exchange for the withdrawal of

_____

[1] The orders are dated December 13, 2017, were docketed on December 15, 2017, and were served on the parties on December 18, 2017. For this Court's purposes, the date of the orders is December 18, 2017. *See* Pa.R.A.P. 108(a)(1), (d)(1) (providing the date of entry of an order is the date copies of the order are sent to the parties). We have amended the caption accordingly.

*   Retired Senior Judge assigned to the Superior Court.

the charge of attempted homicide. On March 3, 2016, she was sentenced pursuant to the agreement to four to twelve years imprisonment.

Appellant filed no direct appeal, but filed a timely PCRA petition on November 20, 2016, claiming that her plea counsel was ineffective in failing to pursue a house-arrest sentencing option that she claims was discussed with the district attorney's office. Counsel, and later substitute counsel, were appointed. On April 20, 2017, counsel filed a petition to withdraw and no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Appellant did not respond to counsel's motion, but filed several *pro se* motions for sentence modification, which the PCRA court declined to entertain given the pendency of the PCRA petition. On August 23, 2017, the PCRA court granted counsel's petition to withdraw, agreeing that there was no merit to her claim, because her allegations did not establish that any ineffectiveness of plea counsel caused her to enter an involuntary guilty plea. Memorandum and Order, 8/23/17, at unnumbered 3. Simultaneously, the PCRA court advised Appellant that it intended to dismiss her petition if no objection was filed within twenty days. *Id*. at unnumbered 4.

Although Appellant did not file an objection within twenty days, the PCRA court had not dismissed her petition when, on October 9, 2017, previously-withdrawn counsel filed a "Petition to Preserve Jurisdiction Pursuant to Newly Discovered Evidence." Therein, counsel stated that, on

August 9, 2017, he received a letter from Mr. Perry indicating that Appellant was not the person who shot him; rather, he told police that Appellant did it because he was upset that she did not visit him in the hospital. Petition, 10/9/17, at ¶ 4. Based upon Mr. Perry's letter, counsel filed the "Petition to Preserve Jurisdiction," which he termed to be a "Supplemental PCRA petition" to "preserve this particular issue in a timely manner." *Id*. at ¶ 12. Counsel additionally requested leave for Appellant "to supplement and/or amend the instant petition once [counsel] has had the opportunity to speak with [Mr. Perry.]"[2] *Id*. at unnumbered 5.

The PCRA court ordered the Commonwealth to file an answer to what it termed "Petitioner's Motion to Preserve Newly Discovered Evidence." Order, 10/11/17. The Commonwealth complied, requesting "that [Appellant] prove her allegations at a PCRA hearing to be scheduled at [the PCRA court's] convenience." Commonwealth's Response, 11/7/17, at ¶ 2.

Nonetheless, the PCRA court instead entered an order dismissing Appellant's PCRA petition. On the same day, the PCRA court filed a memorandum and order in which it both denied Appellant's "Motion to

---

[2] Counsel indicated that his attempts to contact Mr. Perry at his current address (SCI Smithfield) had been unsuccessful, so he was not yet able to verify Mr. Perry's statements to determine whether to request an evidentiary hearing. Petition, 10/9/17, at ¶ 4, 11.

Preserve Newly-Discovered Evidence" as untimely and issued a twenty-day notice of its intent to dismiss it.[3]  Memorandum and Order, 12/18/17, at 1, 7.

Appellant, through counsel, timely filed a notice of appeal.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.  On appeal, Appellant claims that the PCRA court abused its discretion in denying her petition regarding the newly-discovered evidence.  Appellant's brief at 7.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa.Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa.Super. 2011)).  While we grant great deference to the PCRA court's factual findings supported by the record, "we afford no such deference to the post-conviction court's legal conclusions.  We thus apply a *de novo* standard of review to the PCRA Court's legal conclusions." *Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa.Super. 2018) (citations omitted).

The PCRA court's denial of Appellant's claim related to Mr. Perry's new information is based upon its legal conclusion, unsupported by citation to any authority, that "Petitioner's Petition to Preserve Jurisdiction Pursuant to Newly

_____

[3] Although the trial court did not follow through with a subsequent order dismissing Appellant's "Motion to Preserve Newly-Discovered Evidence," none was necessary to finalize its ruling, as it had already denied the motion.

- 4 -

Discovered Evidence, properly construed as a second PCRA Petition, fails to plead an exception to the timeliness requirements" of the PCRA. Opinion, 3/7/18, at 3. *See* 42 Pa.C.S. § 9545(b) (providing that any PCRA petition, including second and subsequent petitions, must either be filed within one year of the judgment of sentence becoming final, or plead and prove a timeliness exception).

Had Appellant's first, timely PCRA petition been dismissed before she filed her "Petition to Preserve Jurisdiction," we would not hesitate in concluding that it was properly treated as a second, facially-untimely petition. *See* ***Commonwealth v. Rienzi***, 827 A.2d 369, 371 (Pa. 2003) (holding Superior Court erred in holding second, late-filed petition constituted an amendment to the earlier, timely petition that had been withdrawn, because "there was nothing pending before the PCRA court that [the petitioner] could 'amend'").

However, Appellant's initial, timely PCRA petition was still pending at the time she filed her "Petition to Preserve Jurisdiction." Pa.R.Crim.P. 905 provides, in relevant part, "The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A).

Our Supreme Court has found amendment of a pending, timely PCRA petition was properly granted, even long after the initial one-year time bar, regardless of a lack of relation of the amendments to the initial claims. ***Commonwealth v. Flanagan***, 854 A.2d 489, 499 (Pa. 2004) (holding court

properly treated 1999 petition as an amendment to a still-pending 1988 petition rather than "as a serial, post-conviction petition which would be independently subject to the PCRA's one-year time limitation"). The Court explained:

> PCRA courts are invested with discretion to permit the amendment of a pending, timely-filed post-conviction petition, and this Court has not endorsed the . . . position that the content of amendments must substantively align with the initial filing. Rather, the prevailing rule remains simply that amendment is to be freely allowed to achieve substantial justice. The Court has recognized that adherence to such rules governing post-conviction procedure is particularly appropriate since, in view of the PCRA's time limitations, the pending PCRA proceeding will most likely comprise the petitioner's sole opportunity to pursue collateral relief in state court.

*Id*. at 499-500.

Our Supreme Court has offered the following explanation of Rule 905(A)'s amendment process.

> Our criminal procedural rules reflect that the PCRA judge may grant leave to amend . . . a petition for post-conviction collateral relief at any time, and that amendment shall be freely allowed to achieve substantial justice. Nevertheless, it is clear from the rule's text that leave to amend must be sought and obtained, and hence, amendments are not self-authorizing. Thus, for example, a petitioner may not simply amend a pending petition with a supplemental pleading. Rather, Rule 905 explicitly states that amendment is permitted only by direction or leave of the PCRA Court.

*Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014) (citations and quotation marks omitted).

We now apply the above law to the facts of the instant case. Appellant's second petition opens with the indication that she, through counsel, "submits

this Supplement to her previously filed Petition for relief pursuant to the [PCRA.]" Petition, 10/9/17, at unnumbered 1. In the body of the petition, Appellant indicates that she "amends [her] Petition to preserve the issue of newly discovered evidence," to state her new allegations of Mr. Perry's recantation. *Id*. at ¶ 4.

Clearly, Appellant's filing was not sufficient to itself constitute an amendment of her pending, timely petition. *Baumhammers*, *supra*. However, Appellant's petition additionally included a specific request that the PCRA court "Permit [Appellant and/or counsel] to supplement and/or amend the instant petition[.]" *Id*. at unnumbered 5. Rather than rule upon Appellant's request by applying the liberal amendment policy of Rule 905(A), the PCRA court dismissed the pending timely petition and instead analyzed the request for amendment "as a serial, post-conviction petition which would be independently subject to the PCRA's one-year time limitation." *Flanagan*, *supra* at 499. In so doing, the PCRA court committed an error of law. *See id*. at 499-500. *See also Commonwealth v. Williams*, 828 A.2d 981, 993 (Pa. 2003) (holding petitioner's subsequent PCRA petitions constituted amendments to timely-filed first petition, where first petition remained pending because the court had taken no action on motion to withdraw it).

Accordingly, we vacate the PCRA court's orders dismissing Appellant's timely PCRA petition and denying Appellant's October 9, 2017 "Petition to Preserve Jurisdiction Pursuant to Newly Discovered Evidence." Upon remand,

the PCRA court shall consider Appellant's petition to amend under the rubric of Pa.R.Crim.P. 905(A).

Orders vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/10/2018