J-S66006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES DEMAI WASHINGTON | |
| Appellant | No. 885 EDA 2019 |

Appeal from the PCRA Order Entered March 4, 2019
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0002109-2014

BEFORE: STABILE, NICHOLS, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 28, 2020**

Appellant, Charles Demai Washington, appeals *pro se* from the March 4, 2019 order dismissing his petition pursuant to the Post Conviction Collateral Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The record reveals that, on July 10, 2015, Appellant pled guilty to third-degree murder, robbery, and conspiracy.[1] Appellant admitted shooting and killing the victim, taking property from the victim, and conspiring with others to take property from the victim. N.T. Guilty Plea Sentencing, 7/10/15, at 21-22. In exchange for his plea, the Commonwealth amended its homicide charge to third-degree murder and recommended a 35-year minimum term of incarceration. *Id.* at 3, 5. Appellant agreed to waive his right to appeal

_____

[1] 18 Pa.C.S.A. §§ 2501

and/or file a PCRA petition. *Id.* at 5. Appellant executed a written waiver colloquy governing his waiver appellate and collateral review rights, and he confirmed his understanding of that waiver in an oral colloquy with the trial court. *Id.* at 5-7. Immediately after the guilty plea, the trial court imposed an aggregate 35 to 80 years of incarceration. *Id.* at 52.

Notwithstanding the plea agreement, Appellant, proceeding *pro se*, filed this timely first PCRA petition on July 19, 2016. The PCRA court denied the petition without appointing counsel, and Appellant appealed to this Court. By memorandum of July 16, 2018, this Court vacated and remanded for appointment of counsel. After remand, appointed counsel filed a no merit letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On January 24, 2019, after conducting a hearing, the PCRA court permitted appointed counsel to withdraw. On March 4, 2019, the PCRA court conducted a hearing on the merits of Appellant's petition. Upon concluding that hearing, the PCRA court entered the order on appeal.

Appellant's *pro se* brief raises five assertions of error, which we will paraphrase. In issues I, III, and IV, which appear to be related, Appellant claims the trial court lacked subject matter jurisdiction, that Appellant was prosecuted under statutes that lack an enacting clause, and that counsel was ineffective for advising him to plead guilty to crimes whose enactment was invalid. Appellant's *Pro Se* Brief at 4. In issue II, Appellant claims counsel

was ineffective for failing to present mitigating factors. *Id.* In issue V, Appellant claims counsel was ineffective for failing to challenge the weight of the evidence.

We review the PCRA court's order for error of law and record support for its findings of fact. *Commonwealth v. Williams*, 828 A.2d 981, 987 (Pa. 2003) Before we address the merits of Appellant's claims, which are very poorly presented in his brief, we must consider the validity of his waiver of collateral review. Waiver of further review, including post-conviction review, is valid so long as the waiver is knowing, intelligent, and voluntary, and the defendant was competent at the time. *Id.* at 992.

As noted, Appellant signed a written waiver of his rights to further review, including collateral review. N.T. Guilty Plea and Sentencing, 7/10/15, at 5-7. Defense counsel stated she "spent a considerable amount of time" going over the pertinent waiver form with Appellant. *Id.* at 5. The trial court confirmed that Appellant could read, write, and understand English and that nothing was impeding his ability to comprehend the plea proceeding. *Id.* at 5-6. The trial court expressly asked Appellant whether he understood that his waiver included "any PCRA or post-conviction relief," and Appellant responded, "Yes." *Id.* at 6-7. Appellant had no questions about any of the rights he was waiving. *Id.* at 7. Moreover, Appellant acknowledges in his *pro se* brief that he filed the instant petition "in contravention of the plea agreement." Appellant's *Pro Se* Brief at 5. The record supports the PCRA

court's finding that Appellant entered a knowing, intelligent, and voluntary waiver of his right to file the instant petition, and we discern no error in the court's enforcement of the waiver.

Furthermore, Appellant's arguments would fail even if we reached the merits. Regarding Appellant's apparent assertion that he was convicted under inoperative criminal statutes, this Court, in **Commonwealth v. Stultz**, 114 A.3d 865 (Pa. Super. 2015), **appeal denied**, 125 A.3d 1201 (Pa. 2015), provided a very thorough analysis in its rejection of a similar argument. Appellant's argument about counsel's failure to present mitigating factors is illogical, given his negotiated plea and negotiated minimum term of incarceration. Finally, a challenge to the weight of the evidence is cognizable only after trial. Pa.R.Crim.P. 607.

For the foregoing reasons, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/20