J-S03036-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
        Appellee : 
: 
    v. : 
: 
MAHARAJI M. HEMINGWAY, : 
: 
        Appellant : No. 254 WDA 2020

Appeal from the PCRA Order Entered January 20, 2020
in the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000043-2009

BEFORE:    DUBOW, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:          **FILED: AUGUST 6, 2021**

Appellant, Maharaji M. Hemingway, appeals *pro se* from the January

20, 2020 order dismissing his Petition filed pursuant to the Post Conviction

Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we

affirm.

The PCRA court provided the following background.

> This case stems from [Appellant's] conviction of numerous
> drug related charges following a criminal jury trial. [Appellant]
> was charged, along with two co-defendants, on or about January
> 8, 2009[,] following a grand jury investigation commencing in
> 2006. [Appellant] was named as the principal source of cocaine
> from Philadelphia that was distributed in Clearfield County by
> one of the co-defendants, Michael Styers, between 2005 and
> 2007.
>
> As a result, a Criminal Complaint was filed against
> [Appellant] on or about January 16, 2009, charging [Appellant]
> with the following offenses: Possession with Intent to Deliver
> [("PWID")] and Delivery of a Controlled Substance, 35 P.S.
> § 780-113(a)(30), an Ungraded Felony, 11 Counts; Criminal

---

* Retired Senior Judge assigned to the Superior Court.

Conspiracy to Commit [PWID] and Delivery of a Controlled Substance, 18 Pa.C.S. § 903/35 P.S. § 780-113(a)(30), an Ungraded Felony, 2 Counts; Criminal Use of a Communication Facility, 18 Pa.C.S. § 7512(a), a Felony of the Third Degree; Dealing in Proceeds of Unlawful Activity, 18 Pa.C.S. § 5111(a)(1), a Felony of the First Degree; Corrupt Organizations, 18 Pa.C.S. § 911(b), a Felony of the First Degree, 2 Counts; and [False Imprisonment], 18 Pa.C.S. § 2903(a), a Misdemeanor of the Second Degree.

After lengthy pretrial proceedings, including an appeal to the Superior Court by the Commonwealth, a consolidated trial for [Appellant] and co-defendants was held before the Court of Common Pleas of Clearfield County from January 23, 2012 to February 1, 2012.

During said trial, the Commonwealth presented twenty-four witnesses who were connected with or participated in the cocaine distribution scheme in this case. Of those, at least ten witnesses provided testimony directly regarding [Appellant and/or his involvement with selling cocaine in Clearfield County, and [Appellant] was commonly referred to by the nickname "Bean." Following deliberations, the jury found Appellant guilty on all counts except on the charge of False Imprisonment.

[Appellant] was initially sentenced on May 24, 2012; however, following appeal, the Superior Court of Pennsylvania remanded for re-sentencing consistent with ***Alleyne v. United States***, 570 U.S. 99 (2013). Re-sentencing occurred on June 18, 2014, resulting in [Appellant] having an aggregate sentence with a minimum of seventeen years and a maximum of thirty-four years of incarceration. These sentences were imposed within the standard guideline range(s).

PCRA Court Opinion, 4/7/2020, at 1–2 (footnotes and parenthetical numbers omitted, citations altered). On appeal, this Court affirmed Appellant's Judgment of Sentence. ***See Commonwealth v. Hemingway***, 134 A.3d 108 (Pa. Super. 2015) (unpublished memorandum). Appellant did not file a Petition for Allowance of Appeal with our Supreme Court.

On June 29, 2016, Appellant *pro se* filed a timely first PCRA Petition. On December 12, 2016, the PCRA court appointed counsel to represent Appellant. On May 31, 2017, counsel filed a **Turner**/**Finley** letter and a Motion to Withdraw as Counsel. Appellant *pro se* filed a response on July 9, 2018, and an amended response on November 1, 2018. On November 6, 2018, the PCRA court granted counsel's Motion to Withdraw, but took no action on Appellant's PCRA Petition.[1] On December 5, 2019, the PCRA court finally issued a Pa.R.Crim.P. 907 Notice. In explaining the extreme lateness of the Notice, the PCRA court observed that following its November 6, 2018 Order, "the matter somehow unintentionally fell between the judicial cracks and no further action was taken."[2] Notice of Intent to Dismiss, 12/5/2019,

---

[1] Subsequently, on February 13, 2019, Appellant purported to file a *pro se* Amended PCRA Petition. He did so without leave of court. Additionally, the "Petition was not provided to the Court Administrator and as such never reviewed by the [PCRA c]ourt." Notice of Intent to Dismiss, 12/5/2019, at 2. Because amended petitions may only be filed with leave of court, and there is no evidence that the PCRA court granted leave or considered the filing prior to dismissing the PCRA petition, any arguments raised therein are waived. **See Commonwealth v. Brown**, 141 A.3d 491, 504 n.12 (Pa. Super. 2016) (citations omitted) (noting that our Supreme Court "has condemned the unauthorized filing of supplements and amendments to PCRA petitions, and held that claims raised in such supplements" without leave of court "are subject to waiver[,]" unless there is evidence that the "PCRA court considered the supplemental materials prior to dismissing the petition[,]" thereby implicitly granting leave to amend).

[2] We note our displeasure with this delay. Our Supreme Court has made clear that "[t]he PCRA court [has] the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." **Commonwealth v. Renchenski**, 52 A.3d 251, 260 (Pa. 2012) (citation omitted).

at 1. Appellant *pro se* filed a response to the Notice. On January 20, 2020, the court dismissed Appellant's PCRA Petition.

Appellant timely appealed *pro se*.[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant raises the following issues in his Brief:

I.     Was counsel ineffective for failing to move for acquittal where there was a complete lack of competent physical description or identification throughout the grand jury investigation and the pretrial proceedings, where an identification was not made until the witnesses confront[ed] Appellant at the defense table?

II.    Did the prosecutor knowingly use false testimony to obtain the conviction resulting in a wrongful conviction?

III.   Did the trial court abuse its discretion by denying the Appellant the opportunity to cross-examine to determine if a key witness was testifying merely to get a favorable sentence on charges pending at the time of the Appellant's trial?

Appellant's Brief at 4 (unnecessary capitalization, brackets, PCRA court answers, and suggested answers omitted).

Before we address the merits of Appellant's claims, we must first determine which, if any, of them are properly before this Court. In Appellant's first issue, he alleges that counsel was ineffective for failing to move for acquittal based on the lack of identification evidence in the grand

---

[3] This Court initially dismissed the appeal for failure to file a docketing statement but reinstated the appeal *sua sponte* upon receipt of Appellant's *pro se* docketing statement. **See** Order, 6/11/2020.

jury investigation and pretrial proceedings. Appellant's Brief at 9.[4] Appellant did not raise this claim in his PCRA Petition. Rather, he only presented it to the PCRA court as part of his argument in his amended response opposing counsel's "no-merit" letter. **See** Amendment to Petitioner's Response to Counsel Motion to Withdraw, 11/1/2018, at 1 ("Trail [*sic*] counsel was ineffective where it was unreasonable for counsel not to have asked for a 'judgment of acquittal' based on the inherently unreliable identification during both the initial police investigation, grand jury testimony, and during trial.").

To preserve this claim for appeal, Appellant must have presented it in his PCRA Petition or an authorized amendment. **See** Pa.R.Crim.P. 902(B) ("Each ground relied upon in support of the relief requested shall be stated in the petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); **see also Commonwealth v. Rainey**, 928 A.2d 215, 226 (Pa. 2007) (noting that issues not raised in a PCRA petition are waived on appeal).

Because Appellant did not include this claim in his PCRA Petition, for it to be preserved for appeal, he must have included it in an authorized

_____

[4] Appellant also includes a sub-issue that counsel was ineffective for failing to request a jury instruction pursuant to **Commonwealth v. Kloiber**, 106 A.2d 820 (Pa. 1954). Appellant's Brief at 18–19. Appellant failed to include this issue in his court-ordered Pa.R.A.P. 1925(b) Concise Statement. Thus, it is waived. **See** Pa.R.A.P. 1925(b)(4)(vii).

amendment. Our Supreme Court has explained authorized amendments in the PCRA context as follows.

> Our criminal procedural rules reflect that the PCRA judge "may grant leave to amend ... a petition for post-conviction collateral relief at any time," and that amendment "shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905A; *see **Commonwealth v. Williams***, 828 A.2d 981, 993 (Pa. 2003) (noting that the criminal procedural rules contemplate a "liberal amendment" policy for PCRA petitions). Nevertheless, it is clear from the rule's text that leave to amend must be sought and obtained, and hence, amendments are not "self-authorizing." ***Commonwealth v. Porter***, 35 A.3d 4, 12 (Pa. 2012). Thus, for example, a petitioner may not "simply 'amend' a pending petition with a supplemental pleading." *Id.* Rather, Rule 905 "explicitly states that amendment is permitted only by direction or leave of the PCRA Court." *Id.* at 12; *see also **Williams***, 828 A.2d at 988 (indicating that the PCRA court retains discretion whether or not to grant a motion to amend a post-conviction petition). It follows that petitioners may not automatically "amend" their PCRA petitions via responsive pleadings.

***Commonwealth v. Baumhammers***, 92 A.3d 708, 730 (Pa. 2014) (citations altered).

Here, Appellant never sought leave to amend his PCRA Petition to include a claim relating to counsel's failure to move for acquittal based on a lack of identification evidence. Therefore, since this claim was not raised in Appellant's PCRA Petition, and no request was made to amend the petition to include it, it is waived. ***See id.***; ***Commonwealth v. Washington***, 927 A.2d 586, 601 (Pa. 2007) (citations omitted) ("Any claim not raised in the PCRA petition is waived and not cognizable on appeal.").

In Appellant's second issue, he argues that the prosecutor knowingly used false testimony during Appellant's trial. Appellant's Brief at 20. In his

third issue, he argues that the trial court abused its discretion by denying Appellant the opportunity to cross-examine a witness on a specific topic. *Id.* at 24. The PCRA specifically permits challenges asserting (1) constitutional violations; (2) ineffective assistance of counsel; (3) an unlawful inducement of a guilty plea; (4) obstruction of a defendant's right to an appeal; (5) newly discovered exculpatory evidence that was not available at the time of the trial; (6) an imposition of a sentence greater than the lawful maximum; and (7) a lack of jurisdiction. *See* 42 Pa.C.S. § 9543(a)(2). Additionally, an issue a petitioner could have raised "before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding[,]" but failed to raise, is waived. 42 Pa.C.S § 9544(b).

Here, Appellant did not present his second or third issue to the PCRA court in the context of counsel's ineffectiveness.[5] Rather, he presented only the substantive claims that the prosecution used false testimony and the trial court abused its discretion. Because these substantive claims should have been raised on direct appeal, but were not, they are waived. *See id.*

Based on the foregoing, the PCRA court did not err in dismissing Appellant's PCRA Petition.

Order affirmed.

---

[5] Appellant's scant attempts to couch these claims as involving the ineffective assistance of counsel within the argument section of his Brief do not transform them into cognizable PCRA claims where he did not present them in that form in his PCRA Petition.

Judge Murray joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  08/06/2021